MICHAEL KINEALY, Appellant, v. JOHN W. BURD ET AL., Respondents.

### November 16, 1880.

1. An agent may bind his principal to the extent to which he is held out as competent by the principal, irrespective of any secret instructions.

2. In an action by an indorsee against the indorser, it is not necessary to set out in the petition all the indorsements.

3. Where all the indorsements have not been set out in the petition, an admission of the material allegations is not an admission that there have been no holders except those set out.

4. Where the case has been otherwise fairly tried, and the judgment is manifestly for the right party, the admission of irrelevant testimony is not ground for a reversal.

APPEAL from the St. Louis Circuit Court, THAYER, J.
*Affirmed.*

M. KINEALY, *pro se*: The conditions under which the authority of a special agent is to be exercised forms part of the authority itself, and must be strictly observed or the act of the agent is void. — Story on Ag., sects. 133, 324; *Berry* v. *Anderson*, 22 Ind. 36; *White* v. *Langdon*, 30 Vt. 599.

CLINE, JAMISON & DAY, for the respondents: The petition alleges that Jamison indorsed the note to M. A. Wolff, who indorsed it to the plaintiff, who was the owner of the note sued upon when the first extension was made; and for

said extensions, Burd, the maker of the note, executed his
two notes for the interest, payable to M. A. Wolff, and paid
him $40 in cash for said extension, without the consent or
knowledge of said Jamison ; which was a valid contract, with
a valuable consideration, and hence discharged said Jamison
as accommodation indorser.   Likewise as to the second ex-
tension. — Pars. on Notes & Bills, 238 ; *Gahn* v. *Niemce-
wicz*, 11 Wend. 312 ; *Globe, etc., Ins. Co.* v. *Carson*, 31 Mo.
218 ; *Rucker* v. *Robinson*, 38 Mo. 154 ; *McCune* v. *Belt*,
38 Mo. 281 ; *First National Bank* v. *Leavitt*, 65 Mo.
562 ; *Rathbone* v. *Warren*, 10 Johns. 587 ; *Clippinger* v.
*Creps*, 2 Watts, 45.   At the maturity of the note, ac-
cording to the proof, it was owned by Charles Bobb or
his wife ; the maker (Burd) applied to C. Bobb, who was
agent of his wife, for an extension of the payment of said
note, who referred him to M. A Wolff, who held the note,
thus holding out to Burd that Wolff had *authority* to make
said extension, and the extension was made by Burd with
Wolff, he (Burd) executing his notes for the interest, pay-
able to M. A. Wolff, and paying said Wolff $40 in cash for
said extension, without the knowledge or consent of said
Jamison ; which was a valid contract, and hence releases said
Jamison as accommodation indorser. — *Pickard* v. *Sears*, 6
Ad. & E. 469–474 ; *Rice* v. *Groffman*, 56 Mo. 434 ; *For-
syth* v. *Day*, 46 Me. 176.   The power of extension being thus
given to M. A. Wolff and exercised by him, any private
instructions given to him were incompetent, and the court
below did not err in ruling out the same. — *De Baun* v.
*Atchison*, 14 Mo. 543 ; *Anderson* v. *Coonley*, 21 Wend. 279 ;
*Johnson* v. *Jones*, 4 Barb. 369 ; *Bryan* v. *Moore*, 26 Me.
84 ; *Whitehead* v. *Tuckett*, 15 East, 400–408.

BAKEWELL, J., delivered the opinion of the court.

This action is upon a promissory note made by defendant
Burd to the order of defendant Jamison.   The petition alleges
that defendant assigned the note by indorsement and delivered
it to Wolff, who assigned by indorsement and delivered the

note to the plaintiff. Defendant Jamison in person, and in writing, waived demand, notice, and protest. The separate answers of defendants Burd and Jamison put in issue no material allegations of the petition, but allege that the note was given for money lent to Burd by one Charles Bobb; that Jamison was merely an accommodation indorser; and that, at the maturity of the note, an agreement was made between the maker and the owner and holder of the note, without the knowledge of Jamison, extending the time of payment for one year. The answer also set up similar extensions for subsequent periods. There was a verdict and judgment against Burd and in favor of defendant Jamison, and plaintiff appeals. The testimony introduced by defendant showed that payment of the note was extended at maturity without the knowledge or consent of Jamison; that the note was owned at maturity by Mrs. Martha Bobb; that her husband, Charles Bobb, was attending to her affairs, and was authorized to act for her in the matter; that Burd applied to Martha Bobb and Charles Bobb for an extension, and was by them referred to Wolff, in whose hands the note was; that Charles Bobb, by authority of his wife, directed Wolff to grant the extension; and that the agreement to extend the note for one year was made in consideration of $40 then paid by Burd to Wolff, and of two notes covering the interest during the period of extension, which were received by Mrs. Bobb, and paid at maturity. These notes were made to the order of Wolff. Plaintiff, on his part, offered to show that when Bobb gave directions to Wolff to renew the note, he directed him to obtain the consent of Jamison before this was done. This evidence offered by plaintiff was excluded by the court.

It is claimed by appellant that Wolff acted in this matter as a special agent, and that plaintiff should therefore have been permitted to show the conditions under which the agent was to exercise his authority, on the ground that his act was void unless he followed the direc-

tions of his principal. But it does not necessarily follow that a special agent, — that is, one employed for a particular purpose only, or employed only in a particular transaction, — because he is a special agent, may not accomplish the object for which he was employed, in violation of his private instructions, and bind his principal nevertheless. So far as an agent, whether general or special, is held out to the person dealing with him as competent to bind the principal, the principal will be bound; and he cannot afterwards set up secret instructions and orders in fraud of a party who has dealt with the agent on the strength of the representations of the principal. Here, Charles Bobb, acting for Mrs. Bobb, referred Burd to Wolff as the person with whom he was to deal in the matter of obtaining an extension. Nothing whatever was said to Burd as to any consent of Jamison. Wolff had the note in his possession, and indorsed the extension on it. He received from Burd the consideration for the extension, with the knowledge and consent of Bobb, and turned over to Bobb the interest-notes given at the time, who received them without any inquiry as to his secret instructions, or asking whether Jamison had any knowledge of the extension. It would be manifestly unjust to allow Bobb subsequently to repudiate the contract on the ground that the agent had not carried out certain directions as to notifying the indorser, of which the person obtaining the extension had no notice. The testimony is, that not only this, but subsequent renewals, were made in the same way, years before Bobb parted with the note and the present holder acquired it; that the note was secured by real estate; and that Jamison indorsed it, when it was originally taken by Bobb, merely as a guaranty that the title to the property by which it was secured was good, and to avoid expense to Burd in the matter of an examination of title. Bobb was satisfied with the real estate security if the title was good.

We are of opinion that the trial court properly refused to admit evidence as to private instructions to Wolff to notify the indorser before renewing the note.

It is contended by appellant that the pleadings admitted but one indorser, holder, or owner, between Jamison and plaintiff, and that it was incompetent to show that there was another holder, Mrs. Bobb, and that she granted the extension. It is also contended that the court erred in allowing evidence to go to the jury concerning plaintiff's title to the note.

The pleader did not trace the indorsements in his petition; nor was it necessary that he should do so, since he was not obliged to prove them. There is nothing, therefore, in the state of the pleadings that can be construed into an admission that Wolff and the plaintiff had been the only holders of the note. There was no question of surprise in the case.

Plaintiff's title to the note was admitted by the pleadings, and it was unnecessary to prove it; nevertheless we see no error in admitting the deposition of plaintiff as to this matter, taken at the instance of defendants. It showed that the plaintiff had acquired the note, with the renewal indorsed on the back, many years after its extended maturity; and it tended to show, not only that he had not inquired of the indorser whether he had notice of the extension, before purchasing the note, but that whilst the note was in plaintiff's hands for collection, and before he became its owner, he had been told by the indorser that he had not consented to any extension, and was therefore released. If this testimony was irrelevant, its admission at any rate affords no ground for reversing the judgment.

The defendant was allowed to open and close to the jury. It seems that the burden of proof was on defendant Jamison. Everything material to plaintiff's case was admitted by the pleadings. But, in the view we take of the case, the matter is wholly unimportant. No other verdict or

judgment could have been given under the evidence, and no error appears for which they ought to be disturbed.

The judgment is affirmed.    All the judges concur.