CHARLES J. HARRISON, Respondent, v. THE KANSAS CITY, CLINTON & SPRINGFIELD RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, May 30, 1892.

1. **Pleading:** MODIFICATION OF CONTRACTS. Parties may, by a subsequent parol agreement, upon sufficient consideration, modify the terms of a written contract, and when they sue upon it they should declare on the agreement as it stands modified, which is generally by setting out the agreement and the modification.

2. ———: RULE. Every substantive fact which the plaintiff must prove to maintain his action should, under the practice act, be alleged so that an issue can be made thereon.

3. **Principal and Agent:** EXTENT OF AUTHORITY. Those dealing with an agent have a right to conclude that the principal intends the agent to have and exercise those powers, and those only, which neces-

sarily, properly and legitimately belong to the character in which he holds him out,—and this, irrespective of any instructions or restrictions on his power, and this authority may be inferred from the agent's employment.

4. ———: AGENCY FOR THE JURY. The question for the jury is one of agency on all the evidence in the case, and it is not concluded by the statement of the alleged agent.

*Appeal from the Dade Circuit Court.* — HON. D. P. STRATTON, Judge.

REVERSED AND REMANDED.

*Wallace Pratt* and *J. C. Cravens,* for appellant.

(1) The prior parol contract having been fully expressed and reiterated in the subsequent correspondence with defendant's president, the four letters read in evidence by the defendant and comprising the correspondence on the subject, when taken together fully make out a written contract between the plaintiff's firm and the defendant for the ties in controversy, and it was not competent for the plaintiff and his former partner, in the face of these letters, to deny the contract, or in any manner vary it by parol, and, therefore, the defendant's declaration of law, asking the court to declare, that under the evidence the plaintiff was not entitled to recover, should have been given. *Mfg. Co. v. Broderick,* 12 Mo. App. 370; *Redheffer v. Leathe,* 15 Mo. App. 12; *Murphy v. Murphy,* 22 Mo. App. 18; *Johnson Co. v. Wood,* 84 Mo. 489; *Fruin v. Railroad,* 89 Mo. 397; *Moore v. Henry,* 18 Mo. App. 35; *Brown v. Railroad,* 18 Mo. App. 568. The plaintiff swears there never was another contract, yet the court gave him judgment in spite of his testimony, and on the theory that the former contract was modified. If there was a contract it was the duty of plaintiff to go ahead and fulfill it. He had no right to "squat

down" and say he would deliver no more ties under that contract unless the defendant would pay more money. Therefore, there was no consideration whatever shown for the alleged agreement with Jacques to pay the extra five cents a tie. Therefore, the alleged agreement (if made) was simply *nudum pactum*, and of no force. *Wesson v. Homer*, 25 Mo. 81; *Henning v. Ins. Co.*, 47 Mo. 425; *Lucas v. Clemens*, 7 Mo. 367; *Phillippi v. McLean*, 5 Mo. App. 587; *Miller v. Grand Grove*, 13 Mo. App. 585. (3) But the alleged abandonment or modification of the previous contract was made by a person occupying a subordinate position to that of the president with whom the original contract was made, and without the knowledge or sanction of the president or the company, and this fact was known to the plaintiff at the time; therefore (if made), it was without authority and no binding force on the defendant. Persons dealing with agents or employes of a corporation are bound to know their authority. Beach on Private Corporations, secs. 187, 190, 191, 193; *Bocock v. Iron & Coal Co.*, 82 Va. 913; *Bocock v. Coal & Iron Co.*, 3 Am. St. Rep. 128; *Credit Co. v. Mach. Co.*, 1 Am. St. Rep. 123; *Wilson v. Railroad*, 14 N. Y. 487.

*Mann & Talbutt* and *Gilbreath & Mann*, for respondent.

(1) The authority of an agent is to be determined by the nature of his business, and is coextensive with the requirements of such business. *Gentry v. Ins. Co.*, 15 Mo. App. 215. The question of agency is for the jury, upon all the evidence in the case, and is not concluded by the statement of the alleged agent. *Barrett v. Railroad*, 9 Mo. App. 226; *Sewing Machine Co. v. Railroad*, 70 Mo. 672; *Edwards v. Thomas*, 66 Mo.

468; *Kinealy v. Burd*, 9 Mo. App. 359; *Crews v. German*, 14 Mo. App. 505; *State v. Gates*, 67 Mo. 139.

SMITH, P. J.—The allegations of the plaintiff's petition were that, on the first day of February, 1886, the plaintiff and his then partner, under the name of Bowman & Harrison, contracted with defendant to deliver nineteen thousand or more cross ties on its right of way, and for which defendant agreed to pay forty cents each for all eight-inch specifications and thirty-five cents each for all seven-inch specifications, and that under the contract they delivered fifteen thousand, five hundred and sixty-four eight-inch specification and four thousand and eighteen seven-inch specification ties; that defendant paid them forty cents per tie for the first-named class and thirty cents for the second class, leaving five cents still due on the number delivered of the second class. The answer was a general denial and payment in full. The plaintiff had judgment and defendant has appealed.

The defendant complains of the action of the court in giving an instruction which declared that if it believed from the evidence that the plaintiff, in the fall of 1885, agreed with S. W. Clapp, chief engineer of the Kansas City, Fort Scott & Gulf Railway Company, or with G. H. Nettleton, general manager of said company, to furnish said company, or the defendant, all or as many railroad cross ties during said fall and winter following up to May 1, 1886, as they might be able to place on the right of way to the amount of fifty thousand ties or more, at and for the price of forty cents each for first-class ties, and thirty cents each for second-class ties, and that the ties in controversy were furnished during said period, and that said plaintiff or his said firm has received pay for the same at said rate, the finding should be for the defendant,

unless said contract was afterwards modified by competent authority, or by like authority abandoned by mutual consent, and a new and different contract covering said ties entered into.

The undisputed evidence shows that the plaintiff, with Bowman, his then partner, in the fall of 1885, entered into a parol contract with defendant to deliver cross ties to May 1, 1886, the price being forty cents for eight-inch specifications and thirty cents for seven-inch specifications. The letters read in evidence comprising the correspondence on the subject, and which reiterate the previous parol agreement between plaintiff and defendant, when taken together, make out a written contract between them for the delivery of all ties to May 1, 1886, at the prices per tie just stated. The plaintiff, over the objection of the defendant, was permitted to give evidence tending to show that, subsequently, in February, 1886, there was a parol agreement entered into whereby the defendant agreed to pay plaintiff thirty-five cents for seven-inch specification ties in the place of thirty cents originally agreed upon.

Parties may by a subsequent parol agreement, upon a sufficient consideration, change or modify the terms of the written contract. *Bunce v. Beck*, 43 Mo. 266; *Herring v. Ins. Co.*, 47 Mo. 425. But, when they do so, they must declare on the agreement as it stands modified. This is usually done by setting out the agreement and the modification of it. Every substantive fact which the plaintiff must prove to maintain his action should, under the practice act, be alleged so that an issue can be made thereon. *Lanitz v. King*, 93 Mo. 513. Here the plaintiff sues on the original contract, and relies for a recovery upon the subsequent modification of it. He should have stated the contract and the modification thereof so that an issue could have been made in the latter. Under the pleadings, evidence of

the modification was inadmissible. The theory of the instruction was outside of the issues of fact made by the pleadings. The court did not possess the power to change by its instruction the issues which were presented by the pleadings.

In view of the probable retrial of the case, it may be proper to remark in respect to the question as to the extent and scope of the authority of Jacques, the purchasing timber and fire agent of the defendant, that the general rule in such cases is that those dealing with an agent have a right to conclude that the principal intends the agent to have and exercise those powers and those only, which necessarily, properly and legitimately belong to the character in which he holds him out. In the exercise of those powers the agent is the *alter ego* of the principal. And he may bind his principal to the extent to which he is held out as competent, irrespective of any instructions or restrictions on his powers. Mechem on Agency, secs. 278, 279; *Kinealy v. Burd*, 9 Mo. App. 359; *Crews v. German*, 14 Mo. App. 505. And this authority of the agent may be inferred from the nature of his employment. *Edwards v. Thomas*, 66 Mo. 468.

The question of agency is one for the jury upon all the evidence in the case, and is not concluded by the statement of the alleged agent. *Barrett v. Railroad*, 9 Mo. App. 226.

It follows that the judgment of the circuit court will be reversed and the cause remanded. All concur.