CHARLES S. CLACK, Respondent, v. SOUTHERN ELECTRICAL SUPPLY COMPANY, Appellant.

St. Louis Court of Appeals, December 7, 1897.

1. **Pleading**: CONSTRUCTION: AIDER BY VERDICT. In an action for personal injuries received by plaintiff while descending a defective stairway leading from the first floor to the basement floor of a building occupied by defendant, an averment of the petition that the defendant "occupied the rooms as a place of business," included, by reasonable intendment, control of the rooms. At most the cause of action was imperfectly stated, which was cured by the verdict.

2. **Instructions.** Where the instructions given, when read together, fairly presented the real issue, the fact that in order to find for plaintiff the jury were required to pass on other matters not in issue, was something of which the defendant could not complain.

3. **Principal and Agent:** LIABILITY OF PRINCIPAL FOR ACTS OF AGENT WITHIN APPARENT AUTHORITY. A principal is responsible for the acts of his agent within his apparent authority, although the agent acts in disobedience of the principal's positive orders.

4. **Evidence:** RES GESTAE: NONPREJUDICIAL ERROR. A statement or declaration merely narrative of a past occurrence, is not admissible as a part of the *res gestae*. But its admission is without prejudice to the party objecting, where the person making the statement is a witness, and admits that he did not speak until after the occurrence.

*Appeal from the St. Louis City Circuit Court.*—HON. JOHN. A. TALTY, Judge.

AFFIRMED; all concurring, Judge BLAND in the result.

*Johnson, Houts & Marlatt* for appellant.

The mere allegation and proof that defendant "occupied" the premises described in the petition is not sufficient. There should be the further showing that defendant had exclusive occupancy, or that it had control of the premises. Cooley on Torts, p. 609; Whittaker's Smith on Neg., p. 82; 12 Am. and Eng. Ency. Law, 689; *O'Donnell v. Patton,* 117 Mo. 18; *Griffith v. Lewis,* 17 Mo. App. 605; *Shipley v. Fifty Ass'n,* 101 Mass. 254; *Same v. Same,* 106 *Id.* 194; *Moore v. Goedel,* 34 N. Y. 527; *Jennings v. Van Schaick,* 108 *Id.* 530.

The court erred in giving instruction number 1 on behalf of plaintiff. Defendant is not an insurer of the safe condition of its premises; it is only liable for a failure to exercise reasonable care. *O'Donnell v. Patton, supra; Welch v. McAllister,* 15 Mo. App. 492; *Eisenberg v. R'y,* 33 *Id.* 85.

The court erred in its instruction authorizing a verdict if the jury found that plaintiff entered upon the premises under an express or implied invitation, without requiring them to find further that the invitation extended to that part of the premises where the

alleged accident occurred. Ray's Neg., p. 19; *Zoebisch v. Tarbell*, 10 Allen, 385; *Murry v. McLean*, 57 Ill. 378; *Victory v. Baker*, 67 N. Y. 366.

The court erred in assuming that Nicholson had authority to invite Clack down into the store room. There was no evidence of the scope of Nicholson's authority, and the court can not assume that his act was within the scope of his authority. *Hartman v. Muehlebach*, 64 Mo. App. 565; *Voegeli v. Pickel M. & G. Co.*, 49 *Id.* 643; *Leonard v. R'y*, 68 *Id.* 48; *Farber v. R. R.*, 116 Mo. 81; *Brown v. R. R.*, 67 *Id.* 122; *McGowan v. R. R.*, 32 Mo. App. 383; *Rosenthal v. R. R.*, 40 *Id.* 579.

The court erred in allowing the witness Koch to testify to statements made by Nicholson six or ten minutes after the accident. Such statements were not part of the *res gestae*. *Leahey v. R. R.*, 97 Mo. 165; *Barker v. R. R.*, 126 *Id.* 143; *Adams v. R. R.*, 74 *Id.* 553; *Goss v. R. R.*, 50 Mo. App. 614.

*Marion C. Early* and *Charles C. Parker* for respondent.

Objections to the petition because of a lack of particularity are waived, unless made before trial. *Baker v. Raley*, 18 Mo App. 562; *Bassett v. Telegraph Co.*, 48 *Id.* 566; *Knox Co. v. Brown*, 103 Mo. 223.

A salesman left in possession of a store must be presumed, in the absence of adverse proof, to be there with the knowledge and procurement of the proprietors, and his possession is presumed to be that of the principal; and it is no defense that the salesman had been warned against taking customers into certain parts of the store. *Freer v. Cameron*, 4 Rich. Law, 228; *Chapman v. Rothwell*, El. Bl. & El. 168; *Coggburn v. Simpson*, 22 Mo. 351.

The testimony of Koch that Nicholson told him immediately after coming out of the basement that he had forgotten the stairs were broken, was admissible as a part of the *res gestae*, and also as a declaration against interest. *State v. Thompson*, 132 Mo. 322; *Comm. v. Werntz*, 29 Atl. Rep. 272; *Larson v. R'y*, 110 Mo. 234; *Bergeman v. R'y*, 104 *Id.* 77.

If instructions, when read together, fairly present the issues, the judgment will not be reversed, even though one of the instructions, taken by itself, may be erroneous. *Bank v. Hatch*, 98 Mo. 376; *O'Donnell v. Patton*, 117 *Id.* 13; *Goetz v. R. R.*, 50 *Id.* 474; *Earle v. R. R.*, 55 *Id.* 476.

An instruction lacking particularity on the part of plaintiff was cured by proper instructions for defendant. Fink. on Mo. App. Prac., p. 87.

BIGGS, J.—The plaintiff sues for personal injuries. The answer contains a general denial and a plea of contributory negligence.

The undisputed facts are these: On the twenty-ninth day of May, 1895, the defendant occupied the first floor and basement of a building. It was engaged in the sale of electrical supplies, and had its goods stored in both apartments. The basement was reached by a stairway at the back end of the store room. On the day above mentioned the plaintiff went into the store for the purpose of buying some wire. He informed one of the defendant's salesmen of his business, and the salesman informed him that the wire was in the basement. At that time they were standing in the back part of the room a few steps from the stairway leading to the basement. The head of the stairway was covered by a trap door. The salesman raised up the door and fastened it to the wall. About midway of the stairway several steps were missing, of which

the officers of the defendant and the salesman were advised. The stairway was dark. The plaintiff attempted to descend the stairs, and by reason of the missing steps he fell and was injured. As to what was said at the time the salesman raised the trap door, the evidence is conflicting. The plaintiff's testimony as to that is as follows: "I told him (the salesman) to go on down first, that it was dark. He said I have to fix up, fasten this trap door back * * * you go ahead, it is all right." The following is the version of the salesman: "I got to the opening of the cellar door and forced the cellar door open, and when tying it on a nail against the wall Mr. Clack went behind my back and when he went down two steps I hollered 'look out.' He fell and I ran to his assistance." He also testified that he told the plaintiff to remain in the store room and that he (witness) would get the wire. The plaintiff denied this and asserted that the salesman asked him to go with him to the basement. There was a verdict for plaintiff for $500, upon which judgment was entered. The defendant has appealed, and it now urges many objections to the judgment, some of which we will discuss.

The first assignment is that the pleadings and proof are insufficient in that the petition fails to allege and plaintiff failed to prove that the defendant had *control* of the store room and basement. The averment is that "the defendant *occupied* the rooms as a place of business," which by reasonable intendment included control of the rooms. At most, the cause of action was imperfectly stated, which was cured by the verdict. At the instance of the plaintiff the court gave the following instruction:

PLEADING: construction: aider by verdict.

"The court instructs the jury that if they believe from the evidence that on the twenty-ninth day of May, 1895, the premises, number 11, North seventh street,

in- the city of St. Louis, were occupied by the defendant and were used by it as a place for the transaction of its business, and that Charles S. Clack, the plaintiff herein, entered upon said premises as a customer, under an invitation from the defendant, either express or implied, then the court instructs the jury that the defendant owed to plaintiff the duty of the exercise of reasonable care to keep said premises in a condition reasonably safe for the use of plaintiff in the transaction of the business in which he was engaged under such invitation, or to warn him of dangers known to it, or to its agents or employees, or which by the exercise of reasonable care might have been known to it or its agent or servant, and the court further instructs the jury that if they find from the evidence that the defendant failed to keep its premises in a reasonably safe condition, or failed to warn plaintiff of the danger of said premises, and that the failure of defendant or its agents or employees to keep said premises in a reasonable condition, or to warn plaintiff of the dangers thereon, caused the injuries complained of in this case, and that plaintiff was exercising due care while on the premises of defendant and at the time he sustained the injuries sued for, then you must find your verdict for the plaintiff.''

Some of the objections urged against the instruction are, that it did not require the jury to find that the defendant negligently failed to repair the stairway or to warn the plaintiff of the danger, or that the plaintiff was invited upon that part of the premises, or if so invited by the salesman, that the latter was acting within the scope of his authority.

The instruction quoted and others given at the instance of the defendant had but little tendency to enlighten the jury as to the true issue.

INSTRUCTIONS.

Under the evidence the only question is

one of fact. Did the salesman of the defendant invite the plaintiff to go into the basement in order that he might examine the wire? No question of the law is involved, for it is conceded that the defendant occupied the first floor and basement; that it kept its wares in both rooms; that the plaintiff entered the premises for the purpose of purchasing some wire; that the wire was in the basement; that the salesman who undertook to wait on the plaintiff was an employee of the defendant in the store; that the stairway was in a dangerous condition, and that its condition was known to the defendant's officers and to the salesman; that plaintiff attempted to descend the stairway and was injured by reason of its bad condition, and that the salesman failed to advise plaintiff of the danger in time to prevent the accident. Hence there is no merit in any of the objections urged against the instruction. The instructions on both sides, when read together, fairly present the real issue, and the fact that in order to find for the plaintiff the jury was required to pass on other matters which were not in issue, is something of which the defendant can not complain.

The defendant offered to prove that the salesman had instructions not to take customers down the stairway. This testimony was properly rejected. PRINCIPAL and agent: liability of principal for acts of agent. Under the circumstances the act of the salesman in directing the plaintiff to go down the stairs (if he did so direct) was within his apparent authority, and the defendant is responsible for the resulting injuries to plaintiff, although in giving the direction the salesman disobeyed the positive orders of the defendant. *Harrison v. R. R.*, 50 Mo. App. 332; *McNicols v. Nelson*, 45 Mo. App. 446; *Sparks v. Transfer Co.*, 104 Mo. 531.

The circuit court permitted the plaintiff to prove that the salesman said that he forgot to notify the

plaintiff of the bad condition of the steps

EVIDENCE: res gestae: nonprej- udicial error.

until it was to late to avoid the accident. According to plaintiff's witness, the statement was made six or eight minutes after the plaintiff was injured. The admission of this evidence is sought to be justified on the ground that it was a part of the *res gestae*. It is sometimes difficult to apply this rule of evidence. The books furnish many tests. One test is that if it appears from the circumstances that the occurrence or transaction is speaking through the person, then it is part of the *res gestae*. But if it appears that the statements or declarations of the person are merely narrative of the past occurrence, the rule is otherwise. It seems to us that the alleged statement of the salesman did not fall within the rule. But defendant was not prejudiced by its admission. The salesman was a witness at the trial, and he denied that he made any such statement. He admitted, however, that he did not give the plaintiff any warning until it was too late.

Finding no reversible error in the record, the judgment will be affirmed. All concur. BLAND concurs in the result.