## T. A. MARTIN, Respondent, v. MAXWELL-BRISCO MOTOR VEHICLE COMPANY, Appellant.

### St. Louis Court of Appeals, June 6, 1911.

1. **TRIAL PRACTICE: Demurrer to Evidence: Plaintiff Entitled to All Reasonable Inferences.** In considering the matter of the defendant's prima facie liability, the plaintiff must be accorded the full measure of all reasonable inferences afforded by the testimony.

2. **PRINCIPAL AND AGENT: Authority of Agent: Automobile Demonstrator: "Cranking Car."** In an action for personal injuries received by a prospective purchaser of an automobile in cranking it, under the instructions of a demonstrator, *held,* there was proof that the cranking of the car was parcel of the demonstration to ·be made, and that it was within the apparent authority of the demonstrator to invite plaintiff to crank it, for the process of so doing involved the idea of instruction as to the manner of performing the task or of showing with what ease it could be accomplished as compared with other automobiles.

3. **NEGLIGENCE: Injury to Prospective Purchaser of Automobile: Cranking Car: Invitation of Demonstrator.** In an action for personal injuries received by a prospective purchaser of an automobile in cranking it, evidence that, it being necessary to crank the car, plaintiff inquired if he could do it and said he might just as well learn it, to which the demonstrator replied "very well," and that when plaintiff stepped in front of the car to crank it, the demonstrator instructed him how to do it, is conclusive that the demonstrator, if he did not expressly invite plaintiff to crank the car, did so at least impliedly.

4. ———: ———: ———: ———: **Care Required.** Where the cranking of an automobile is parcel of a demonstration to be made to a prospective purchaser and it is within the apparent authority of the demonstrator to invite the prospective purchaser to crank it, and the latter undertakes to do so, upon the implied invitation, inducement, allurement or enticement of the demonstrator, the law devolves the duty upon the latter to exercise ordinary care for such prospective purchaser's safety while engaged in the task, and to this end some instruction or warning as to the dangers involved should be given; and where, under such circumstances, a prospective purchaser undertook to crank a car and he was ignorant of the dangers arising therefrom, and the demonstrator, who had knowledge thereof, gave him no warning, the demonstrator's employer was liable for injuries to such prospective customer, arising therefrom.

Appeal from St. Louis City Circuit Court.—*Hon. W. B. Homer*, Judge.

AFFIRMED.

*Percy Werner* for appellant.

(1) Plaintiff was defendant's guest, an invitee, for the purpose of riding around in its machine and witnessing its operation. When he undertook to operate it or "crank it," he became a naked licensee, to whom defendant was liable only for willful or wanton injury. Shaw v. Goldman, 116 Mo. App. 332. (2) Where a person volunteers to assist a servant of another, without being employed so to do by that other, he is deemed to assume all the ordinary risks incident to the situation, his position being that of a volunteer, and analogous to that of trespasser or bare

licensee, in that he takes things as he finds them, and in the case of injury; unless under circumstances such as would create a liability, even if he be regarded as a trespasser, intruder, or bare licensee, no recovery can be had from the master of the servant whom he has volunteered to assist. 4 Thompson on Negligence, sec. 4680. (3) Plaintiff, an educated scientist, was guilty of contributory negligence, as a matter of law, in undertaking to crank an automobile without asking for the necessary instructions.

*Jones, Jones, Hocker & Davis* for respondent.

(1) For the purpose of determining whether the plaintiff has a prima facie case, every reasonable inference from the evidence in favor of plaintiff should be made. Tadd v. William, 104 Mo. App. 390; Pausch v. Prov. Co., 159 Mo. 467; Duerst v. Stamping Co., 163 Mo. 607. (2) Plaintiff was not a mere volunteer, but was an invitee with an interest, and defendant owed to him the exercise of ordinary care in protecting him from injury. Ryan v. Boiler Works, 68 Mo. App. 148; Tinkle v. Railroad, 212 Mo. 470; Kelley v. Tyra, 17 L. R. A. (N. S.) 343. (3) Defendant's demonstrator was acting for his master in the course of his employment. The master is liable although the agent acts in disobedience of his master's express order. Houck v. Railroad, 116 Mo. App. 570; Goutten v. Duenckel, 50 Mo. 104; Clack v. Supply Co., 72 Mo. App. 506; Siegrist v. Arnot, 10 Mo. App. 197. (4) Defendant's demonstrator was acting within his apparent authority, and his actual authority is therefore immaterial. Clack v. Supply Co., 72 Mo. App. 506; Houck v. Railroad, 116 Mo. App. 571.

NORTONI, J.—This is a suit for damages accrued to plaintiff on account of personal injuries inflicted through defendant's negligence. Plaintiff recovered and defendant prosecutes the appeal.

But one question is presented for consideration, and that relates to the duty, if any, which the law devolves upon defendant for the benefit of plaintiff, its customer, to the end of protecting him from injuries arising from dangers unknown to plaintiff and known by defendant to inhere in the machine under demonstration. Plaintiff is a practicing physician in the city of St. Louis and defendant is a corporation engaged in the business of selling automobiles in the same city. Desiring to buy an automobile, plaintiff called at defendant's establishment and had some conversation touching the matter, when its manager made an appointment for a demonstration of one of defendant's machines. In accordance with this arrangement, defendant's demonstrator called at plaintiff's residence about nine o'clock a. m. on the following day with an automobile to convey him on his rounds while visiting patients and for the purpose of demonstrating the automobile during the trip. One or two visits to plaintiff's patients were made, when, it appears, after plaintiff had called upon another, he assumed his position beside the demonstrator in the seat of the automobile, and the demonstrator made some movements, with the appliances attached, for the purpose of starting the car, but without effect; whereupon the demonstrator said, "I believe this car will have to be cranked." Upon this statement being made by the demonstrator, plaintiff inquired, "Can I do it for you?" And the demonstrator replied, "Yes, anybody can crank a car." Plaintiff then said, "Well, if I am going to get a car, I ought to know how to do it." And the demonstrator replied, "You can crank it;" whereupon plaintiff took hold of the crank in front of the car to turn it about and the demonstrator instructed him to "push it in and turn it" which he did but immediately the force of the engine attached released the crank from plaintiff's hand and whirled it about in such a manner as to break his arm. It ap-

pears defendant's demonstrator knew and understood that the task of cranking an automobile is a dangerous one and especially so to a person without experience in that behalf, and it appears, too, that he knew as well plaintiff was wholly inexperienced with respect to such matters and unaware of the dangers. Indeed, the case concedes that the process of cranking an automobile is a dangerous one, as the crank is likely to kick back, as it did here, and injure one so engaged; and plaintiff gave positive and direct testimony to the effect that he had informed the demonstrator only a short time before that he was wholly inexperienced with respect to automobiles.

It is alleged in the petition that defendant breached the obligation to exercise ordinary care for the safety of plaintiff, a prospective purchaser of its machine, through omitting to warn him of the dangers which it knew inhered in the process of cranking the automobile, when it knew he was inexperienced in regard to such matters and wholly ignorant of the dangers incident thereto. By its verdict the jury affirmed the proposition so relied upon to be true. But it is argued by defendant that the law devolved no duty whatever on it with respect to the matter other than not to wilfully injure plaintiff, for it is said he was a mere volunteer or licensee while engaged in cranking the car. The argument concedes that had plaintiff received an injury while in the car, through some omission of care on the part of the demonstrator, liability therefor would attach; but it is said that, as he volunteered to crank the car and went out upon the ground for that purpose, the relation giving rise to the duty of ordinary care ceased to exist for the present, and the parties became instead mere licensor and licensee. We are not so persuaded, for it appears that plaintiff was defendant's customer and a prospective purchaser of its automobile and as such expressly invited to accompany its demonstrator therein and receive a dem-

onstration, to the end of making the sale. In considering the matter of defendant's prima facie liability, we must accord to plaintiff the full measure of all reasonable inferences afforded by the testimony, and, after so doing, there is an abundance of proof to the effect that cranking the car was parcel of the demonstration to be made. Defendant argues the matter as though nothing more than a mere exhibition of the car was contemplated, but the proof goes quite beyond this, for there is affirmative evidence that cranking the automobile was parcel of the demonstration to be made for plaintiff's benefit, to the end of effectuating a sale.

It appears plaintiff was expressly invited by defendant to go about with its demonstrator and receive a demonstration of the working points of the car, among which was included the matter of cranking it. Beyond question or cavil, it was within the apparent authority of the demonstrator to either expressly or impliedly invite plaintiff to crank the car himself, for the process of so doing involved the idea of instruction as to how the task might be performed, if he concluded to purchase, or with what ease it could be accomplished as compared with other automobiles. [Clack v. Elect. Supply Co., 72 Mo. App. 506; Houck v. C. & A. Ry. Co., 116 Mo. App. 559, 92 S. W. 738.]

There can be no doubt that plaintiff was impliedly invited by the demonstrator to crank the car, for both plaintiff and the demonstrator himself state the facts concerning this matter substantially the same. On the demonstrator's evidence alone, there appears, almost, if not quite, an express invitation after plaintiff volunteered the suggestion. The demonstrator testified for defendant, "The doctor said, 'I might just as well learn this as not,' and I says, 'Very well,' and he stepped in front of the machine to crank it and I says, 'Push in the crank and pull up on it,' which he did.

He stepped back from there and he says, 'My arm is broken.' I says, 'That can't be so, doctor.' '' The proof is therefore conclusive that defendant's demonstrator, if not expressly so, at least impliedly, invited plaintiff to crank the machine. In such circumstances, the relevant principle which should influence the judgment of the court in determining the question of prima facie liability is the same as that which pertains to the shopkeeper and the customer whom he has impliedly invited into a place of danger on the premises as for his benefit, other than the usual place of business for the purpose of trade. This duty is one of ordinary care, for the customer is rightfully there by the implied invitation and allurement of the tradesman and is therefore not a mere licensee or a volunteer. The precepts of ordinary care in such cases, besides requiring that the tradesman shall not permit pitfalls, hatchways and other dangerous situations to attend those portions of the shop into which customers usually come on express or implied invitation to trade, suggest as well that he should warn a customer of latent dangers known to him which inhere in such other portions of the premises as the customer is impliedly invited, allured or enticed to enter at his instance presumably looking to the interest or benefit of the tradesman. [See Thompson's Comm. Neg., sec. 968; Glaser v. Rothschild, 221 Mo. 180, 120 S. W. 1.] The principle is fully developed in Welch v. McAllister, 15 Mo. App. 492, as to those cases where one is impliedly invited or allured beyond the precincts of the usual place of trade and into a dangerous situation without warning on a portion of the premises intended exclusively for the purpose of the owner. In such circumstances, if a customer is injured through the proprietor's negligence while in a portion of the premises not intended for the use of trade, liability therefor may be found by the jury, upon it appearing a mere implied invitation, inducement, enticement or allurement to enter

there was offered on the part of the proprietor, in the course of trade, or as ostensibly for his benefit. [See Thompson's Comm. Neg., Sec. 989. See, also, Glaser v. Rothschild, 221 Mo. 180, 120 S. W. 1 and Welch v. McAllister, 15 Mo. App. 492.] It therefore appears that though plaintiff went out of the automobile and upon the ground to crank the car, if he did so by the implied invitation, inducement, allurement or even enticement of defendant's demonstrator, the law devolved the duty upon defendant to exercise ordinary care for his safety while engaged in the task, and to this end some instruction or warning as to the dangers should have been given. That plaintiff was impliedly invited or enticed to undertake cranking the car is not to be doubted, though he first suggested it, for besides assenting to the suggestion the demonstrator encouraged plaintiff by saying "anybody can crank a car," and adding, "Push in the crank and turn it around." Furthermore, it was all done for defendant's benefit in the course of demonstration for the purpose of a sale and therefore plaintiff was not a mere licensee. Though plaintiff was ignorant and defendant's demonstrator fully aware of the dangers thereabout, no warning was given and such failure to warn sufficiently appears to be the proximate cause of the injury. The judgment should should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.