## GROHN et ux. v. LUCEY MFG. CO. OF TEXAS. (No. 8256.)

(Court of Civil Appeals of Texas. Galveston. Dec. 7, 1922.)

1. **Negligence ⬅⬆72—Contributory negligence caused by defendant's negligence not proximate cause of injury.**

When plaintiff's negligent act or omission contributing to his injury is caused by defendant's negligence, plaintiff's contributory negligence will not be regarded as a proximate cause of his injury.

2. **Municipal corporations ⬅⬆706(7)—Evidence held to make jury question as to whether automobile driver's contributory negligence was proximate cause of collision.**

Evidence that a truck colliding with an automobile which passed a street car from the rear when the latter suddenly slowed down while crossing an intersecting street passed immediately in front of the car before passing the center of such street, as required by ordinance, on turning into it, *held* sufficient to make a question for the jury as to whether the sudden slowing down of the street car to prevent a collision with the truck was the direct and sole cause of the automobile driver's contributory negligence, which, in such case, could not be regarded as a proximate cause of the collision.

Error from Harris County Court: Jno. W. Lewis, Judge.

Action by J. H. Grohn and wife against the Lucey Manufacturing Company of Texas. Judgment for defendant, and plaintiffs bring error. Reversed and remanded.

Pritchett Harvey, of Houston, for plaintiffs in error.

Fouts & Patterson, of Houston, for defendant in error.

PLEASANTS, C. J. This suit was brought by appellants to recover damages from appel-lee for injury to an automobile belonging to appellants, which injury is alleged to have been caused by the negligence of a servant of appellee in driving an automobile truck belonging to appellee, and which was being used by the servant in the performance of the duties of his employment.

Plaintiffs' petition alleges in substance that on June 9, 1920, their automobile was being driven in a southeasterly direction along the west side of North Main Boulevard in the city of Houston, and an automobile truck, belonging to the defendant, and which was being then used in the business of the defendant by an employee of the defendant, intrusted with the driving thereof, was going in a northerly direction on the east side of said boulevard; that when the two motor vehicles reached the intersection of said boulevard and Harrington street, the driver of said truck negligently, and in violation of the ordinances of the city of Houston, turned his truck to the left before passing the center of Harrington street, and came suddenly and unexpectedly in front of plaintiffs' car, thereby causing a collision between the truck and the car, to the injury and damage of the car in the sum of $700.

Defendant answered by general demurrer, general denial, pleaded ordinance of the city of Houston that no vehicle shall pass, or attempt to pass, at any street intersection another vehicle going in the same direction, said ordinance also designating a street car as a vehicle, and providing that failure to observe said ordinance shall constitute negligence per se; that plaintiffs' car passed a street car in the intersection of North Main boulevard and Harrington street in violation of said ordinance, and was therefore guilty of contributory negligence, which was the proximate cause of the collision.

On the trial in the court below with a jury, the court instructed a verdict in favor of the defendant, and upon the return of such verdict judgment was rendered in accordance therewith.

There is ample evidence showing that the driver of the defendant's truck was guilty of the negligence charged in plaintiffs' petition, and that such negligence was a proximate cause of the collision in which plaintiffs' car was injured.

The trial court, in instructing a verdict for the defendant, must have concluded that the evidence conclusively showed that the driver of plaintiffs' car was guilty of negligence which proximately contributed to the collision in which the car was injured, and for this reason plaintiffs were not entitled to recover.

Under appropriate propositions appellants contend that the court erred in holding that under the undisputed evidence the negligence of the driver of plaintiffs' car was a proxi-

mate cause of the injury, and in refusing to submit the issue of proximate cause to the jury, as requested by appellants. We think this contention should be sustained. The evidence upon which appellee relies to charge appellants with contributory negligence, which as a matter of law was a proximate cause of the collision, is the following:

At the time of the collision, plaintiffs' car, as alleged in the petition, was being driven along the west side of North Main Street boulevard. There is a street car track in the center of this boulevard, and a street car going south was proceeding along the boulevard just ahead of plaintiffs' car as it approached Harrington street, which crossed the boulevard at right angles. When the street car reached the north side of Harrington street it stopped to discharge or receive passengers. Plaintiffs' car stopped behind the car, and did not proceed further until the street car again started. After the two cars had reached the center of Harrington street, and immediately before the collision, the front end of plaintiffs' car passed the front end of the street car a few feet, and collided with defendant's truck near the northwest corner of the intersection of the street and boulevard.

An ordinance of the city of Houston prohibits any vehicle going along any of the boulevards of the city from passing a street car or other vehicle going in the same direction while crossing any street intersecting the boulevard. This ordinance subjects a person violating its provision to a penalty, and expressly provides that such person shall be deemed guilty of negligence as a matter of law.

The undisputed evidence, as above stated, shows that plaintiffs' car did pass the street car while it was crossing Harrington street, and was at the time of the collision in a position in the street with reference to the street car which was expressly prohibited by the ordinance, and we do not think reasonable minds can differ in the conclusion that if the car had not been in this position it would not have been struck and injured by the defendant's truck.

If this was all of the evidence, there would be no issue of proximate cause, and the trial court would not have erred in instructing a verdict for the defendant. But when the whole evidence is considered, another question is presented.

[1] No person can be held liable criminally or civilly for an involuntary act or omission, and it is well settled that when a plaintiff's negligent act or omission which contributed to his injury is itself caused by the negligence of the defendant, plaintiff's contributory negligence will not be regarded as a proximate cause of his injury. Graham v. Hines (Tex. Civ. App.) 240 S. W. 1015.

[2] The evidence shows that the truck

which collided with plaintiffs' car came north on the east side of the boulevard until it reached a point at or near the southeast intersection of the boulevard and Harrington street, when, in violation of the ordinance of the city of Houston, it turned west down Harrington street before passing the center of the street, and passed immediately in front of the street car, and collided with plaintiffs' car near the west side of the boulevard, as before stated.

The driver of plaintiffs' car testified that he did not see the truck until it passed the front of the street car, and it was then impossible for him to prevent the collision.

The evidence further shows that the street car lessened its speed and came almost to a stop before the truck passed in front of it. This evidence would authorize, if it does not require, a finding that the sudden slowing down in the speed of the street car to prevent a collision with the truck was the direct and sole cause of plaintiffs' car getting ahead of the street car, and as this situation was caused by the negligence of the driver of the truck, the unlawful position of plaintiffs' car with reference to the street car could not be regarded as a proximate cause of the collision.

These conclusions require that the judgment be reversed, and the cause remanded for a new trial; and it has been so ordered.

Reversed and remanded.