ANNIE L. LOBLEY *vs.* PENOBSCOT VALLEY MOTORS.

Penobscot.     Opinion March 7, 1930.

*Clinton C. Stevens,*
*Benjamin W. Blanchard,* for plaintiff.
*George E. Thompson,*
*Abraham M. Rudman,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, JJ.

DUNN, J.    While driving an automobile, at the suggestion of an employee of the defendant, who had been sent to demonstrate the quality of the car, not to plaintiff, but to her husband, as a prospective purchaser, the plaintiff was injured.

That the employee, an automobile salesman, in allowing the plaintiff to drive, was within the scope of his employment, and in furtherance thereof, the record amply establishes.

Whether the verdict for seven hundred and fifty dollars, recovered by the plaintiff in the action of case against the owner of the car, counting on the imputability of the negligence of the employee, is against the evidence, and the weight thereof, is raised by general motion for a new trial.

On plaintiff's version, she had driven her own automobile, of similar mechanism, in the two years immediately preceding, more than 14,000 miles; before this, for two years, she had operated an automobile of different mechanism.

The De Soto automobile of the defendant, plaintiff had inspected and moved on the salesroom floor; moreover, she had driven the automobile, on the day before that of the injury, without mishap, on the streets of Bangor, her home city.

Snow, which had fallen through the night, covered ground that had been bare, when, on the afternoon of January 10, 1929, the car was sent to the house where plaintiff and her husband lived.

In the house, plaintiff commented to the salesman, that the road looked slippery, and inquired if it were not icy. "No," the salesman is testified to have replied, "It's merely slush."

Approaching the automobile, plaintiff remarked the road was icy, and that chains were not on the tires. But, as she testifies, being reassured by the salesman that the car and the road were fit, she entered the automobile, whereupon the salesman asked her, her husband acquiescing, to take the wheel, which she did; the salesman sitting beside her. Plaintiff's husband sat on the rear seat.

On the way from Bangor to Hampden, the car skidded; at this, the plaintiff's husband said, so testimony is, that, on any recurrence, he would get out; nevertheless, plaintiff kept on driving, "taking the chance," so the record is.

"Keep your steering wheel steady," plaintiff testifies the salesman said to her, as they came to an icy place at the foot of a hill; "Now step on the gas, just a little easy so we can make the hill." "When I did," plaintiff continues, "the car slewed right around and we went down over"; despite the efforts of the salesman to prevent the car leaving the road and going down the bank.

On proof of the negligence of his agent, in demonstrating an automobile, to the injury of a prospective purchaser, the automo-

bile dealer has been held liable. *Martin* v. *Maxwell-Brisco, etc., Co.*, 138 S. W., 65 (Mo.).

But it is not plain that this accident occurred through the imputable negligence of the demonstrator, or, for that matter, that there had been actionable negligence on the part of anybody.

Had the salesman allowed the plaintiff to operate the car, as the representative of her husband, as a part of the demonstration, when in a locality where the salesman knew, or, exercising ordinary care, ought to have known that, even with her experience, the woman was inexpert, the triers of fact might have found the salesman negligent.

This, however, is not plaintiff's contention.

Plaintiff's contention is, that, at the foot of the hill, the demonstrating salesman advised her wrongly, and that, in consequence of following the advice, being unfamiliar with the operation of the automobile, the accident occurred.

Her testimony, to emphasize it by repetition, is, that she had had experience in driving automobiles, through four years, and for thousands of miles; that she had operated the particular automobile the day before; on this day, the animadversion of her husband in mind and actually aware of the condition of the road, she was driving the automobile again.

Wherein the advice, on the icy place, the hill ahead, to hold the steering wheel steady, and to let on gas easily, could have been found actionably faulty, nothing in the evidence, or in the inferences to which it is susceptible, permits the court to know.

The motion must be sustained.

In view of this conclusion, it is unnecessary to consider the exception.

> *Motion sustained.*
> *Verdict set aside.*
> *New trial granted.*