[Civ. No. 9053. First Appellate District, Division One.—October 2, 1934.]

LORRAINE RILEY, Respondent, v. BERKELEY MOTORS INC. (a Corporation) et al., Appellants.

Kirke La Shelle, Jr., for Appellants.

Dutton & Gilkey and Errol C. Gilkey for Respondent.

THE COURT.—An action to recover damages for personal injuries alleged to have been caused by defendants' negligence. The jury returned a verdict for the plaintiff, and from the judgment entered thereon defendants have appealed.

Defendant Jones was a salesman in the employ of the defendant corporation, which was a dealer in automobiles. On the date of the accident defendant Jones invited plaintiff to ride in an automobile owned by the corporation, his object being to induce her to purchase the same. Plaintiff alleged and testified that she was wholly without experience in the operation of automobiles, and the salesman admitted that he agreed to instruct her with respect to its operation. At his suggestion she attempted to drive, and he at the same time undertook to direct the operation of the car. In attempting to turn at an intersection the car overturned and plaintiff was injured.

In approaching the turn the car was traveling between thirty and forty miles an hour, and plaintiff testified that the salesman had instructed her to make the turn, but did nothing to reduce the speed, and that she was not sufficiently familiar with the manner of operation to do the acts necessary to make the turn in safety. The testimony as to what was said and done by the salesman at the time is conflicting, but there is sufficient to support the conclusion that he was wanting in the degree of care which a prudent man would have exercised in the circumstances.

Defendants contend that the plaintiff as a volunteer student driver lacking ordinary skill was responsible for her own injuries; further that the speed at which the car was

traveling exceeded that permitted by law, and that plaintiff's failure to ascertain the method of operating a car before attempting to do so were facts constituting contributory negligence, and bar a recovery.

It has been held that a prospective purchaser of an automobile, who is injured while riding with a dealer who is demonstrating the car for the purpose of making a sale, is not a guest as the term is defined by section 141¾ of the California Vehicle Act, but occupies the situation of a passenger for hire (*Crawford* v. *Foster*, 110 Cal. App. 81 [293 Pac. 841]; *Bookhart* v. *Greenlease etc. Co.*, 215 Iowa, 8 [244 N. W. 721]. See, also, *Champagne* v. *Hamburger*, 169 Cal. 683 [147 Pac. 954]); and that the dealer is liable if he negligently directs the operation of the car although the customer is driving (*Bookhart* v. *Greenlease etc. Co., supra; Greenie* v. *Nashua Buick Co.*, 85 N. H. 316 [158 Atl. 817]; *Martin* v. *Maxwell etc. Vehicle Co.*, 158 Mo. App. 188 [138 S. W. 65]; *Buick Auto Co.* v. *Weaver*, (Tex. Civ. App.) 163 S. W. 594; *Lobley* v. *Penobscot etc. Motors*, 129 Me. 21 [149 Atl. 383]). Assuming that the car in approaching the turn was exceeding the limit of speed permitted by law, the question remains whether this was negligence on plaintiff's part which would preclude a recovery.

While a violation of law is commonly said to constitute negligence, this will not prevent recovery by a plaintiff unless such violation was a proximate cause of the injury (*McPhee* v. *Lavin*, 183 Cal. 264 [191 Pac. 23]; *Burtt* v. *Bank of California Nat. Assn.*, 211 Cal. 548 [296 Pac. 68]; *Godeau* v. *Levy*, 72 Cal. App. 13 [236 Pac. 354]). The question is ordinarily one for the jury (*Kroijer* v. *Jenkins*, 119 Cal. App. 175 [6 Pac. (2d) 96]). And it has been held that when the plaintiff's act or omission in violation of a statute or ordinance which contributes to his injury is itself caused by the negligence of the defendant, the negligence of the former will not be regarded as the proximate cause of the damage (*Grohn* v. *Lucey*, (Tex. Civ. App.) 246 S. W. 1059); also that where each party contends that the other was responsible the issue is to be determined against the party who is shown to have had the better opportunity or been in the better position to prevent the occurrence; and this party is the one who was better enabled or in a better position to foresee the injury (*Eddy* v. *Stowe*,

43 Cal. App. 789 [185 Pac. 1024]; Cal. Jur., 1928 Supp., Automobiles). And where the relation between the parties is such that it is the duty of the defendant to care for the plaintiff's safety, and the situation is one where the plaintiff has a right to look to the defendant, his agents or servants for direction, advice or instruction in a matter involving such safety, the plaintiff may be deemed to have used ordinary care when acting under such direction, advice or instruction, even though but for such circumstance his conduct would be clear evidence of negligence (Shearman & Redfield on Negligence, 6th ed., sec. 91).

 These principles are peculiarly applicable to the present case, and the question as to whose negligence was the proximate cause of plaintiff's injuries was for the jury.

 So, also, was the question whether plaintiff was negligent in failing to learn the method of manipulating the brakes before undertaking to drive the car.

 There is no merit in the claim that the court erred by allowing plaintiff to amend her complaint. This was a matter of discretion, and the court committed no error in so doing, or in denying defendants' motion for a nonsuit, a directed verdict or by its refusal to enter a judgment in defendants' favor notwithstanding the verdict.

Defendants allege error in the giving or refusal of certain instructions, but an examination shows that the instructions of which defendants complain correctly stated the law. They requested an instruction that if plaintiff's injury was due to an unavoidable accident there could be no recovery. This was properly refused as there was no evidence which would justify the conclusion.

 The court also refused to charge that if the salesman did not know of the existence of the road into which plaintiff turned, or that she intended to make a turn at the point where the injury occurred, then the verdict must be for the defendants. The refusal of this instruction was not erroneous, as the salesman testified that he was told by the plaintiff some time before that she intended to turn into the next crossroad and that he was on the lookout as they approached. His testimony shows beyond reasonable question that ordinary care and observation would have disclosed the crossroad when the car was a considerable distance away.

Instructions as to the speed permitted in entering intersections and turning into intersecting roads, and the care to be used in so doing, were also refused; but these matters were fully covered by other instructions given by the court. When such is the case the refusal is not error (24 Cal. Jur., Trial, sec. 79, p. 806).

The verdict was fairly sustained by the evidence, and the record discloses no evidence which would justify a reversal of the judgment.

The judgment is affirmed.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 28, 1934.