[No. 13842.    Department One. — January 31, 1891.]

## HANNAH L. ROSENBERG, BY HER GUARDIAN, ETC., RESPONDENT, *v.* R. D. DURFEE ET AL., APPELLANTS.

NEGLIGENCE — INDUCING CHILD TO RIDE UPON SWEEP — LIABILITY OF PERSON IN CHARGE. — Inviting and permitting a child eight years old to ride alone, in circumstances of danger, upon a sweep or pole drawn by a horse, and used to propel machinery for pumping water, in consequence of which the child is injured, is negligence on the part of the person in charge of the sweep.

ID. — LIABILITY OF OWNER OF SWEEP. — A verdict against the owner of the sweep will be sustained if it appears that he, knowing that his son was in charge of the sweep at the time of the injury, and that the child was riding upon the sweep alone, in circumstances of danger, at the request of his son, permitted her to remain thus exposed, when he could have prevented it, though he may have cautioned the child to be careful, and though the child may have said there was no danger.

ID. — INDULGENCE OF CHILD — MOTIVE IMMATERIAL. — The fact that the child was a favorite with the owner of the machine and his son, and that their want of care was the result of a desire to be indulgent to her, does not excuse them from exercising the care required by law to prevent the child from placing herself in danger.

ID. — CONTRIBUTORY NEGLIGENCE OF CHILD. — INSTRUCTION. — An instruction to the jury "that a child of such tender years and immature judgment as to be incapable of knowing, comprehending, and measuring the danger to which it is exposed, and of exercising the necessary precaution in guarding against it, cannot be charged with negligence in exposing itself to the threatened danger," and that in determining the question in connection with the case, they "must consider the age and sex, and all the conditions surrounding the plaintiff at the date of the injury, as disclosed by the evidence," is proper, and does not assume that the machinery causing the injury was dangerous, or tend to mislead the jury upon the question of contributory negligence.

ID. — INSTRUCTION AS TO EVIDENCE OF NEGLIGENCE. — An instruction to the effect that if the sweep was a dangerous place, and if the defendants knowingly permitted the child to ride upon it in circumstances of danger, when its parents or other guardians were not present, if the child was too young to comprehend the danger, and was injured by the machinery, it would be evidence of negligence, is not misleading, and does not purport to tell the jury that the injury was of itself evidence of negligence, unaccompanied by the state of facts culminating in the injury.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion.

*Chapman & Hendricks,* for Appellants.

The evidence is insufficient to prove that the machinery is at all dangerous. A mere *scintilla* of evidence of negligence is not enough to sustain the plaintiff's burden of proof, but there must be proof of a well-defined negligence. (Wharton on Negligence, sec. 421; Shearman and Redfield on Negligence, sec. 12; Smith on Negligence, *250.) The injury was the result of unexpected accident; and not to foresee an unexpected accident is not negligence. The instructions were erroneous, and misleading to the jury. The verdict would not have been found if the jury had not understood that the occurrence of the injury was sufficient evidence of the neglignece of the defendants.

*Galbreth & Morrison,* for Respondent.

Negligence is relative to circumstances. (*Richardson v. Kier,* 34 Cal. 75; 91 Am. Dec. 681.) That which would be ordinary negligence as respects a grown person may be gross negligence as respects a child. (*Schierhold v. N. B. & M. R. R. Co.,* 40 Cal. 454; Wharton on Negligence, secs. 21, 76.) No error appears in the instructions of which the defendants can complain.

FOOTE, C. — This action is to recover damages caused to the plaintiff, a child eight years of age, alleged to have resulted from the carelessness of the defendants, in negligently inducing and permitting her "to sit upon a sweep or narrow pole drawn by a horse to propel the machinery for pumping water, then being propelled by and under the control and for the use and benefit of defendants."

It is alleged further in the complaint that the "sweep in its circuit passed above and near to cog-wheels and other portions of said machinery then in motion, thereby exposing plaintiff to the danger of being crushed and mangled therein if she accidentally fell or in any man-

ner was dislodged" from the sweep, and was precipitated upon the machinery; that the defendants well knew of the danger to which the child of tender years was thus exposed, yet they knowingly, carelessly, and negligently suffered her to remain alone on said sweep with no person to guard her, exposed to the danger aforesaid; and that by reason thereof plaintiff fell or was precipitated upon said machinery then in motion, and her left hand was caught, mangled, and lacerated therein, causing the loss of three fingers therefrom, thereby maiming and crippling the plaintiff permanently."

The defendants demurred to the complaint. The demurrer was overruled, an answer filed, and upon the trial a jury returned a verdict for the plaintiff, and assessed her damages at $1,750 and costs.

Judgment was rendered upon the verdict, from which this appeal is taken, and an order denying defendants' motion for a new trial.

There is no dispute but that the child was injured, and suffered the loss of her fingers, while on the sweep and falling upon the machinery.

The defendants' counsel states that the child was seated upon the lever or sweep, and while riding around upon it she lost her balance, and endeavoring to recover herself threw her left hand into the cog-wheel, "and unfortunately just at that moment it was passing under the smaller wheel, when it was caught, and three of her fingers crushed so that they had to be removed."

The defendant Charles Durfee, the son of the other defendant, was in charge of the machinery at the time of the injury; this the father knew, and also that the child was riding around upon the sweep.

A part of the testimony of the child is, that "I was sitting on the sweep. I was going around and lost my balance, and my hand got in the wheel. I was at the cow-corral before I went on the sweep."

"Q. How far away was that from the sweep?"

"A. About half an acre,—not as much as that. Charley [meaning young Durfee] called me, and said, 'Come and take a ride.' First I didn't hear him, and said, 'What?' Then he said it again,—'Come and ride, Hannah,' and I went over to the sweep, and I saw Mr. Durfee [meaning the father, the other defendant], and he had a shovel in his hand; he was standing there watching me go over. When I was getting on the sweep he said, 'Hannah, look out; there might be some danger to your hands and your arms'; and I said, 'O no, there won't.' He was in the corn when he said that, and then I went on, and had gone round several times, and I made the horse go when I was on there, and then I lost my balance. First I dropped my hat, and then I said, 'Charley, stop the horse; I want to get my hat.' And he said, 'Pick it up the next time round.' I tried to pick it up, and I lost my balance, and my hand caught in the wheel of the cog. I first got on the sweep near the horse, and Charley said, 'Move up toward the big wheel and machinery.' The way I happened to lose my hat was, the wind blew it off. When I came round and went to pick up my hat, Charley made some motion, and the horse jerked, and that is the way I lost my balance. The horse's name is Doc. My hand got caught in the wheel. I didn't fall off the sweep, and Charley took me off and carried me to the house. Some of the fingers were cut and the ends of the fingers dropped. Charley took me to the house. He didn't say anything that I remember. Mamma hollared and said, 'Charley, you have crippled my little girl for life.'"

The child is the daughter of a domestic servant of the defendants.

It is claimed by the defendants that the evidence is utterly insufficient to prove that the machinery is at all dangerous; that there is no proof that the defendants were guilty of any negligence. In this connection it is further said that the evidence of the child is contradictory, since upon a former trial she testified as to a ma-

terial matter differently from what she did on this trial,
and that therefore her testimony is to be disregarded,
and that of the defendants, in contradiction of it, received,
in which event it is contended the verdict is unsupported
by evidence.

We do not perceive any conflict in the child's evidence,
as contended for. Her testimony on the last trial was
somewhat fuller than upon the first, but there was no
contradiction by one of anything in the other, and
nothing to show any unreliability on her part; in fact,
she was in many respects sustained by the evidence of
the defendants. It does appear, from the evidence, that
the child was a favorite, both with the father and son,
defendants, and that the want of care which they exer-
cised in permitting a young child like this little girl to
get upon the sweep and ride around upon it, involving a
risk of her getting injured, was the result more than
anything else of a desire to have the child's society by
the son, and of a disposition by both father and son to
be indulgent to her; but these motives, commendable as
they may be in the abstract, cannot excuse them from
exercising such care as the law requires to prevent the
little girl from placing herself in danger and getting
maimed for life.

We do not, therefore, think the verdict unsupported
by evidence.

It is further claimed that the instructions asked for
and granted were erroneous. One of them is: "The
court instructs you that a child of such tender
years and immature judgment as to be incapable of
knowing, comprehending, and measuring the danger to
which it is exposed, and of exercising the necessary pre-
caution in guarding against it, cannot be charged with
negligence in exposing itself to the threatened danger.
In determining this proposition in connection with this
case, you must consider the age, sex, and all the condi-

tions surrounding the plaintiff at the date of the injury, as disclosed to you by the evidence."

We do not understand this instruction to say to the jury, as defendants contend that the court instructed the jury, that the machinery by which the plaintiff received her injury was dangerous. For whether the danger to the child existed or not, they were told it was "as the evidence disclosed it"; that is, existed or not, as the evidence disclosed. There was nothing misleading in telling the jury that they were to consider all the conditions surrounding the plaintiff, including her age and sex, in determining from the evidence as to the danger she may have been exposed to, and her appreciation of it, as bearing upon the question of contributory negligence.

An objection is also made to an instruction that the jury are instructed that if the plaintiff was in peril under certain circumstances, it would be evidence of negligence, thus, as is claimed, telling the jury that the injury while riding on the sweep was of itself evidence of negligence. The instruction is: "If you shall find from the evidence that at the date of the alleged injury the sweep referred to, in its relation to the machinery, was a dangerous place for the plaintiff to ride, and shall find that while the defendants were using said machinery, and the defendants had reason to know the same was dangerous, and they knowingly permitted the plaintiff to sit upon and ride said sweep, in dangerous proximity to said machinery, her parents or other guardians not being present, and you shall further find that because of the tender years and immature judgment of the plaintiff she was incapable of comprehending and guarding against the danger to which she was thereby exposed, and you shall further find that while she was riding under the conditions and circumstances stated, plaintiff's hand was caught and injured in and by said machinery, that it would be evidence of negligence."

As we understand the instruction, it informs the jury that if a certain state of facts exists, culminating in plaintiff's injury, such state of facts is evidence of negligence. We do not see that the clause objected to, in view of all the other portions of the instruction, and others given, would tend to mislead the jury as complained of.

Objection is also made to this instruction: "And finding the facts as above stated, you should further find from the evidence that defendants were father and son, and that the son, while working the machinery for the father, invited, requested, induced, or permitted the plaintiff to ride on said sweep, and that the father knew of her so riding, or had reason to know it was dangerous, and could have removed her, or caused her to be removed, therefrom, or could have stopped said machinery, or caused the same to be stopped, and did neither, but, on the contrary, both he and the son suffered her to remain, such facts would show negligence on the part of the defendants."

It is said that in this instruction it is not clearly stated how the jury were to determine as to the father's responsibility; that the jury might have been impressed with the idea that the father was responsible for the son, as his servant, inviting the plaintiff to ride.

But we do not so understand the instruction. The first part of it is with reference to the state of facts under which it appeared in evidence that the son invited, permitted, and induced the plaintiff to ride under circumstances of danger to her. The second, that the father, *aware* of the danger into which she had been placed by the conduct of the son, had yet permitted her to remain there thus exposed, when he could have prevented her.

The jury were correctly told that if the state of facts with reference to each, somewhat different, existed, that they were both responsible. But we do not understand

that they are told that either is responsible for the negligence of the other.

We perceive no prejudicial error, and advise that the judgment and order be affirmed.

VANCLIEF, C., and BELCHER, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.