[Civ. No. 2297. First Appellate District.—January 19, 1918.]

## MARY OBERHOLZER, Respondent, v. ORTON B. HUBBELL, Appellant.

NEGLIGENCE—COLLISION BETWEEN AUTOMOBILE AND BUGGY—CONTRIBUTORY NEGLIGENCE—QUESTION OF FACT.—In an action for personal injuries sustained by the plaintiff in the collision of an automobile owned by the defendant with the buggy in which plaintiff was riding, which collision was caused by the sudden swerving of the automobile obliquely from the right to the left-hand side of the road to avoid a collision with another horse-drawn vehicle, the question whether plaintiff was guilty of contributory negligence in failing to look to see if any vehicle was approaching on that side of the street was one of fact for the jury.

ID.—DISPOSITION OF HORSE—EXCLUSION OF EVIDENCE NOT ERRONEOUS. The refusal to permit evidence of the nature and disposition of the horse was not error, in the absence of any showing that the horse had become frightened at the approach of the automobile or was in any way unmanageable until after the collision had occurred.

ID.—TRIAL—VIEW OF AUTOMOBILE—REFUSAL NOT ERRONEOUS.—The refusal to permit the jury to inspect the automobile for the purpose

of ascertaining the extent and character of the damage done by the collision was not error where fifteen months had intervened, during which time the machine had been .in use and made several long trips.

ID.—JURY — SPECIAL ISSUES — DISCRETION. — Under section 625 of the Code of Civil Procedure, as amended in 1909, the submission of special issues to the jury is discretionary with the trial court, and such discretion will not be interfered with unless an abuse is shown.

APPEAL from a judgment of the Superior Court of Sonoma County, and from an order denying a new trial. Thos. C. Denny, Judge.

The facts are stated in the opinion of the court.

Rolfe L. Thompson, and R. M. Barrett, for Appellant.

Gil P. Hall, and W. F. Cowan, for Respondent.

LENNON, P. J.—This is an appeal from a judgment of one thousand dollars obtained by plaintiff in an action for damages for personal injuries sustained by her in the collision of an automobile owned by the defendant with the buggy in which she was riding.

The evidence which supports the allegations of plaintiff's complaint is to the effect that the plaintiff, accompanied by her husband, was riding in a horse-drawn vehicle driven by her husband westerly along and on the right-hand side of Western Avenue, in the city of Petaluma; that an automobile owned by the defendant Hubbell was being driven by him at a speed of about twenty miles per hour along Keller Street, in said city, in a northerly direction; that upon arriving at the intersection of Western Avenue and Keller Street, the automobile suddenly encountered another horse and wagon; that in an endeavor to avoid a collision with the latter rig the defendant turned his automobile obliquely from the right to the left-hand side of Keller Street and collided with the plaintiff's rig which had partly passed the intersection of the center line of the two streets; that because of the fact that the defendant had turned and directed his automobile to the left-hand side of the street and behind the horse and wagon which he first encountered he failed to observe the plaintiff's rig and consequently collided with it; and that the defendant

36 Cal. App.—2

had sounded no warning whatever of the approach of his automobile. The result of the collision was that the plaintiff and her husband were thrown to the roadway and injured.

It was developed upon the cross-examination of the plaintiff that there was nothing to obstruct her view or that of her husband of the approach of the defendant's automobile; that neither she nor her husband looked to see if other vehicles were approaching; and that if they had looked in the direction from which the defendant's automobile approached they could have seen it and "would have stopped." Because of this testimony it is insisted upon behalf of the defendant that the plaintiff should have been nonsuited upon the theory that the evidence adduced in support of her case showed contributory negligence affirmatively and as a matter of law. In an endeavor to sustain this contention counsel for defendant rely upon the rule declared in a series of cases decided in this and other jurisdictions which deal with the standard of conduct by which the contributory negligence of persons who are approaching and intending to cross the tracks of a railway company is ascertained.

It is obvious that the rule governing the standard of conduct of a person approaching a railway track, in itself a warning of danger, is not applicable to a case where the facts, as here, are of such a character as to give no warning to the plaintiff of any immediate danger, and that the amount of vigilance necessary to constitute due care is correspondingly less in the latter case.

Similarly the case of *Davis* v. *John Breuner Co.*, 167 Cal. 683, [140 Pac. 586], cited and relied on by defendant, is distinguishable on its facts. That case deals with the standard of conduct of a pedestrian in crossing a street, and there it is said that it is the duty of the pedestrian to look both ways before starting to cross.

Ordinarily plaintiff and her husband would not be required to observe the progress of vehicles to the left of them, and prior to the collision involved here there was no warning of the approach of the defendant's automobile, which had swerved to the left and wrong side of the road and thereby suddenly came into a position which plaintiff and her husband were not required and had no reason to anticipate.

In the case of *Hamlin* v. *Pacific Electric Ry. Co.*, 150 Cal. 776, [89 Pac. 1109], the court said: "Manifestly it is impos-

sible for one driving a vehicle along a street to look in both directions at once, and it should ordinarily be left to the jury to determine under the circumstances of each particular case what amount of vigilance was requisite in order to constitute due care.''

Under these circumstances the question of the alleged contributory negligence of the plaintiff and her husband was, we think, not one of law but was rather one of fact for the jury to determine, and that question having been decided adversely to the defendant in accord with the evidence, the finding of the jury in that behalf cannot be successfully assailed upon appeal.

The court did not err in excluding evidence of the nature and disposition of the plaintiff's horse. It was not claimed and there was no showing or offer to show that the horse had become frightened at the approach of the defendant's automobile or was in any way unmanageable until after the collision had occurred.

Nor did the court err in refusing to permit the jury to inspect the defendant's automobile for the purpose of ascertaining the extent and character of the damage done to the automobile by the collision. Some fifteen months had intervened between the time of the collision and the hearing of the case, during which time the automobile had been in use, and had made several long trips, one as far as to Los Angeles and back. Under these circumstances we think that the trial court was justified in refusing to permit the jury to inspect the automobile upon the ground that such inspection was too remote in point of time from the collision complained of. Moreover it appears from the record that the nature and extent of the injuries to the automobile resulting from the collision were testified to in detail by a witness for the defendant and that testimony was neither disputed nor attempted to be contradicted by the plaintiff.

There is no merit in the contention that the court erred to the prejudice of the defendant in refusing to submit to the jury two special issues proposed and presented by the defendant relative to the alleged contributory negligence of the plaintiff. Section 625 of the Code of Civil Procedure as amended in 1909 makes the submission of special issues discretionary with the trial court, and we cannot say that, under

all the circumstances of the case, the court abused its discretion.

The judgment and order are affirmed.

Kerrigan, J., and Beasly, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied in the supreme court on March 18, 1918.