[S. F. No. 13502.   In Bank.—October 30, 1931.]

CHARLES I. PROCTOR, Respondent, v. JACKOB SMITH, Appellant.

228

Barrett & McConnell for Appellant.

J. T. Coffman for Respondent.

THE COURT.—Defendant prosecutes this appeal from the judgments in two actions (consolidated for the purposes of trial and brought up on appeal on one transcript) brought by plaintiff for an accounting for sums alleged to be due plaintiff from defendant under the terms of a logging contract. In addition to the main dispute as to the amount of lumber actually sold by defendant under the terms of this contract, both parties likewise asked for certain incidental damages alleged to be due the respective parties.

After a trial before the court without a jury, plaintiff received judgment against defendant in action numbered 15077 on the files of the Superior Court in and for the County of Sonoma, in the sum of $4,535.57, and in the second action, numbered 15503 on the files of said court, received judgment in the sum of $2,144.43. In denying motions for new trials in each of said actions, the trial court filed an "amended" judgment, in which $500 was deducted from the first judgment and $338.68 was deducted from the second judgment.

The first point urged by appellant is that the trial court was without power thus to amend its judgment in this fashion. In order to understand this contention, the facts in reference to the entire controversy must be briefly set forth.

As already stated, plaintiff instituted these actions to secure an accounting for timber alleged to have been cut by defendant from the premises of plaintiff and sold by defendant under the terms of a logging contract. The plain-

tiff asked, in these two actions, for an accounting for the period January 20, 1923, the date of the contract, to April 1, 1926. It appears from the record that there was a third action pending between the parties for an accounting under the contract for the period subsequent to April 1, 1926. For reasons not pertinent here, this third action was not consolidated for trial with the first two actions.

The contract between the parties was pleaded as an exhibit to plaintiff's complaints. It provided in part that: " . . . the said party of the second part agrees to pay to the party of the first part for the aforesaid timber at the rate of five dollars per thousand feet for all merchantable lumber cut therefrom, payment to be made as lumber is sold and figures taken from shipping book."

It appears that defendant started performance under the contract and that for a short while an amicable relationship existed between the parties. Some time in 1924, however, this amicable relationship was broken, and since that time a very bitter feeling has existed between the contracting parties, which has resulted in considerable litigation.

There is no dispute that, according to the shipping books kept by defendant, he sold, during the period covered by these actions, 655,723 feet of lumber under this contract. Plaintiff alleged, and the trial court, on conflicting evidence, found that the shipping books of defendant did not correctly show the amount of lumber sold by defendant, but that the true amount was far in excess of that shown by said books. At the trial, plaintiff did not impeach these books by showing that defendant had in fact made other sales than those recorded therein, but did so in the following fashion. He called defendant as his first witness and elicited from him the information that he had sold *all the lumber cut,* except the quantity still on the premises, and except a quantity in the two lumber-yards of defendant. Plaintiff then proceeded, by competent evidence, to show the amount of timber cut, and fixed the amount on the premises and in the two lumber-yards of defendant as of *January 14, 1927.* He then proved the amount that had been sold by defendant between April 1, 1926, and January 14, 1927, and by expert testimony proved the amount of lumber that would be produced from the amount of timber cut. The uncontradicted evidence shows that from April 1, 1926, to January

14, 1927, defendant sold 167,735 feet of lumber. Obviously this quantity should have been deducted from the total footage cut and sold, for the reason that this quantity was sold by defendant during a period not covered by these actions. The trial court, however, erroneously based its findings, conclusions and judgments on conditions as they existed on January 14, 1927. When this fact was called to the attention of the trial court on motion for a new trial, it filed an amendment to the judgment, which reads as follows: "In above entitled causes the judgment in No. 15077 is amended by reducing the amount of the judgment by $500.00 and the judgment in No. 15503 by $338.68, these amounts having been allowed to plaintiff due to an erroneous computation and having been so amended, the motion for new trial in each action is denied."

Appellant contends that in the absence of a proper application under sections 473 or 663 of the Code of Civil Procedure, the trial court was without power thus to amend its judgment. It should here be noted that the judgments involved herein were rendered in 1928 before section 662 of the Code of Civil Procedure was added to that code (added by Stats. 1929, p. 842, sec. 7). Appellant concedes that if the trial court had gone through the formality of having the plaintiff consent to a remission, the judgment as amended would be proper in all respects. We are of the opinion that the amendment to the judgment was not properly made by the trial court, not for the reasons urged by appellant, but because the error in computation in failing to deduct the item involved not only appears in the judgment as originally made, but likewise appears in the findings of fact and conclusions of law. Nowhere in the findings of fact does the quantity of lumber sold from April 1, 1926, to January 14, 1927, appear. It is obvious, therefore, that the amended judgment cannot be sustained, for the reason that it finds no support in the findings or conclusions.

However, the fact that the original judgment is not supported by the evidence, for the reason that it admittedly includes items for which plaintiff was not entitled to relief, and the fact that the so-called amended judgment is not supported by the findings and conclusions, does not necessarily mean that the appellant is entitled to a reversal. As already pointed out, the amount of lumber sold by the defendant

during the period April 1, 1926, to January 14, 1927, stands uncontradicted in the record as 167,735 feet (erroneously stated by appellant to be 158,420 feet). At $5 a thousand feet, it is obvious that there should be deducted from the judgments as rendered the total sum of $838.67. Such a record presents, in our opinion, a proper case for the exercise of the power conferred on this court by the provisions of section 956a of the Code of Civil Procedure. That section, as interpreted in *Kirk* v. *Culley*, 202 Cal. 501 [261 Pac. 994], *Tupman* v. *Haberkern*, 208 Cal. 256 [280 Pac. 970], *Davis* v. *Chipman*, 210 Cal. 609 [293 Pac. 40], and *Isenberg* v. *Sherman*, 212 Cal. 454 [298 Pac. 1004], confers on the appellate courts the power to make new findings contrary to or in addition to those made by the trial court in proper cases, to the end that, as expressly stated in the code section, ''wherever possible causes may be finally disposed of by a single appeal and without further proceeding in the trial court, except where the interest of justice requires a new trial''. Under the facts of this case, the making of the proper findings is a simple matter of computation.

The findings of the trial court, where the error first appears, are findings V and VI. Acting under the power conferred by the above code section, this court amends those findings to read as follows:

### Finding V.

That the true amount of redwood timber cut from plaintiff's aforesaid lands and sold by defendant during the periods of time embraced in the said actions No. 15077 and No. 15503 is not recorded or shown in defendant's said shipping book, but that the true amount of redwood lumber so cut and sold by defendant from timber taken from plaintiff's said lands during the entire period of time embraced in the two actions aforesaid and up until January 14, 1927, is 1,444,687 feet; that during the period from April 1, 1926, to January 14, 1927, defendant cut and sold 167,735 feet of lumber under said contract; that during the period covered by said actions defendant cut and sold under said contract 1,276,952 feet of timber, whereof 900,000 feet were sold during the period embraced in the action No. 15077 and 376,952 feet thereof were sold during the period embraced in action No. 15503.

## Finding VI.

That plaintiff is entitled to payment for all of said lumber so cut and sold as in finding No. V specified, at the rate of $5 per thousand feet; that is to say, plaintiff is entitled to be paid for redwood lumber made from timber taken from plaintiff's lands and embraced in action No. 15077, the sum of $4,500; that he is entitled to be paid for redwood lumber made from timber taken from plaintiff's lands and embraced in action No. 15503, the sum of $1884.76.

Following its above-numbered findings, the trial court made certain other findings in which certain deductions were allowed to defendant. Necessarily the court repeated the error found in findings V and VI. It is, therefore, ordered that findings VII, VIII, XXII and XXIII be amended and that there be inserted therein the figures above set forth, and that, as so amended, the same are adopted as the findings of this court. It is also ordered that the conclusions of law be amended so as to provide that the plaintiff is entitled to judgment in action No. 15077 in the sum of $4,035.57, and is entitled to judgment in action numbered 15503 in the sum of $1804.76, and that the judgment of the trial court be amended in the same fashion. As so amended, the conclusions of law and judgment are adopted as the conclusions and judgment of this court.

It is to be noted that as thus corrected the judgments are reduced in the total sum of $839.67 instead of $838.68, as corrected by the trial court. This difference occurs because of a miscalculation of 99 cents occurring in the trial court's figures.

Appellant next contends that even if the findings be corrected as above set forth, they are not supported by the evidence. We have read the record, and are of the opinion that the findings, as corrected, are supported by the evidence. There was presented in the trial court a mass of conflicting factual and expert testimony. The trial court saw fit to base its findings on the evidence produced by plaintiff. There being substantial evidence to support these findings, this court has no alternative but to affirm the judgment as modified.

Appellant also attacks the sufficiency of certain findings in reference to certain matters set forth in his cross-com-

plaint. Although not as complete as might be desired, we are of the opinion that said findings are sufficient.

■ Appellant's last contention is that the trial court abused its discretion in denying defendant's motion for a new trial on the ground of newly discovered evidence. This contention is based on the following facts: At the trial, plaintiff first introduced evidence as to the amount of timber cut. These figures were expressed in timber scale, that is, according to the figures of the timber cutters. He then introduced competent evidence that not over ten per cent should be deducted from the timber scale for rot and breakage, and then introduced expert testimony that to this figure must be added at least twenty per cent to determine the lumber measure. In other words, plaintiff's witnesses testified that after deducting ten per cent for rot and breakage, in manufacturing the timber into lumber, there would be produced twenty per cent more lumber than shown by the timber scale. Defendant's experts testified that lumber scale was thirty to forty per cent *less* than timber scale. The trial court chose to believe plaintiff's experts on this issue.

In support of his motion for a new trial, defendant filed the affidavits of five reputable mill operators that lumber scale runs thirty to thirty-five per cent less than "full" timber scale. Appellant seeks to excuse his failure to produce this evidence at the time of trial by affidavits of himself and his attorney to the effect that they were taken by surprise at the time of trial; that up until the time plaintiff introduced *rebuttal* testimony they were of the opinion that the amount of lumber for which defendant was to be held liable would be determined by the shipping books of defendant, unless said books could be impeached by direct evidence of other sales. An examination of the record shows that defendant should have been aware of the method plaintiff intended to use in impeaching the books from the time plaintiff called his first witness. The defendant's claim of surprise lacks merit.

In the second place, the affidavits of defendant's experts are all based on the assumption that if timber be scaled "full scale", then lumber scale will be thirty to thirty-five per cent less. In reading the testimony of plaintiff's experts, it does not appear that in making their estimate they used the so-called full scale, it affirmatively appearing that they used a different scale.

In the third place, plaintiff and defendant both introduced experts who testified positively as to the proper deduction or addition that must be made in translating timber scale into lumber scale. Obviously, in such a situation, even if the testimony of defendant's expert was admitted, it would be merely cumulative. The proffered testimony is not of such a nature that it necessarily would have caused a different result had it been admitted.

We are, therefore, of the opinion that the trial court did not abuse its discretion in denying the motion for a new trial upon the grounds last above stated.

For the foregoing reasons, the judgments appealed from, as hereinbefore modified, are affirmed. Inasmuch as respondent has conceded at all times that the judgments should be modified as above set forth, we are of the opinion that respondent is entitled to his costs on this appeal.

It is so ordered.