[Civ. No. 7864. First Appellate District, Division One.—December 12, 1931.]

MARIE KROIJER et al., Plaintiffs and Respondents, v. ANNIE JENKINS, Defendant and Respondent; WALTER M. MANUEL, Appellant.

Myrick & Deering and Scott for Appellant.

Ross & Ross for Plaintiffs and Respondents.

Edmund Scott for Defendant and Respondent.

THE COURT.—The above action was brought by Marie Kroijer (hereinafter referred to as the plaintiff), with whom was joined her husband, to recover damages for personal injuries.

The action arose out of an accident which occurred on February 2, 1930, at a street intersection in Redwood City.

Whipple Avenue runs east and west, and is intersected on the south by King Street and on the north by Copley Avenue, the latter being a continuation in that direction of King Street. Plaintiff was riding in a Nash automobile operated by Annie Jenkins, who was joined as a defendant in the action. This automobile was being driven in an easterly direction on Whipple Avenue, while defendant Manuel was driving a Pierce-Arrow in a southerly direction

along Copley Avenue. A collision occurred between the automobiles at the above intersection, as a result of which both plaintiff and defendant Jenkins were injured and the latter's automobile was damaged.

Defendant Jenkins in addition to her answer filed a cross-complaint for damages against defendant Manuel.

A jury returned a verdict in favor of plaintiff for $6,200 and in favor of defendant Jenkins for $415, both being against defendant Manuel, who, following the denial of his motion for a new trial, appealed from the judgments and contends that the evidence is insufficient to show that he was negligent.

Plaintiff, who had had some previous experience as a driver, testified that as the car in which she was riding approached the intersection she looked to her right along King Street, and when the Nash car reached a point about halfway across the intersection she saw the car driven by defendant Manuel enter the intersection from the north, its course being along the east side of Copley Avenue; that the Nash car when it entered the intersection was traveling at a speed of from fifteen to twenty miles an hour, while the Pierce-Arrow car was going twice as fast; that when the Nash car had passed the north and south center line and was nearing the southeasterly corner of the intersection defendant Manuel, continuing his course, attempted to pass in front and to the east of the Nash car, and by so doing caused the collision. The witness further testified that defendant Jenkins immediately before the collision decreased the speed of her car and turned a little to the right in an effort to avoid the accident; also that her car after the collision remained in the intersection, while the Pierce-Arrow car passed over the curb into a vacant lot for a distance of about thirty feet, turned completely around and then came to a standstill at a point ten or fifteen feet from the southeast corner of the intersection. The testimony of the plaintiff as to the place where the cars came together was corroborated by defendant Jenkins, who also testified that as she approached the intersection she looked both to the right and left, but did not see the Pierce-Arrow car, and that she entered the intersection at a speed of about fifteen miles an hour. She testified that from the place where she looked she could see from twenty-five to fifty feet in both directions, but

admitted on cross-examination that vehicles either on the right or left were visible for at least one hundred feet back from Whipple Avenue. Other witnesses testified to the places where the cars stopped after the collision and the physical appearances, all of which tended to support plaintiff's version of the affair. On the other hand Manuel and his wife, who was riding with him, contradicted plaintiff as to which car was first to enter the intersection, their speed and other circumstances of the accident, it being testified by defendant Manuel that when he entered the intersection the Nash car was about one hundred feet away. These witnesses were supported by others, none of whom saw the collision, however, as to the speed the Pierce-Arrow car approached the intersection and the physical conditions observed after the accident, including the injuries to the cars, this testimony tending to show that the Pierce-Arrow car was struck on the rear right-hand side.

There was no contention by the pleadings or otherwise that plaintiff was guilty of negligence contributing to her injuries. Furthermore, the evidence shows that she exercised no control over the driver, and had no power to direct the manner in which the Nash automobile should be operated. Under such circumstances the negligence of Mrs. Jenkins, if any, could not be imputed to plaintiff (*Marchetti* v. *Southern Pac. Co.*, 204 Cal. 679 [269 Pac. 529]); nor where two defendants are charged with negligence can one complain that the negligence of his co-defendant contributed to the damage (*Forsythe* v. *Los Angeles Ry. Co.*, 149 Cal. 569 [87 Pac. 24]; *Blackwell* v. *American Film Co.*, 48 Cal. App. 681 [192 Pac. 189]).

As stated, plaintiff testified that defendant Manuel was the last to enter the intersection; that he was traveling at an excessive speed on the wrong side of the street. This testimony in connection with the physical conditions testified to by others was not inherently improbable. The question of the credibility of the witnesses was for the jury (Code Civ. Proc., sec. 1847), and we cannot say that their implied findings that Manuel was negligent and that his negligence proximately contributed to plaintiff's injuries were not supported by substantial evidence.

With regard to the verdict in favor of Mrs. Jenkins, it is the rule, as urged by appellant, that there must be

substantial evidence to support a verdict. Nevertheless, this court must accept as true all evidence tending to establish it, and consider the evidence in its most favorable aspect toward the prevailing party (*Johnson* v. *DeBock*, 198 Cal. 177 [244 Pac. 330]). Nor can a verdict be disturbed unless it can be said as a matter of law that the evidence was insufficient to sustain it (*Thom* v. *Stewart*, 162 Cal. 413 [122 Pac. 1069]).

Under the provisions of the California Vehicle Act it was the duty of both drivers to drive at a careful and prudent speed not greater than was reasonably proper having due regard to the traffic; and in traversing an intersection where the view was obstructed the speed was restricted to fifteen miles an hour (sec. 113 [Stats. 1927, p. 1436]). It was also their duty to drive on the right half of the highway, and in approaching an intersection the vehicle which first entered it had the right of way; and if both entered at the same time the driver on the left should have yielded to the driver on the right (secs. 122, 131 [Stats. 1929, pp. 540, 541]). According to the testimony of the plaintiff (and, contrary to appellant's contention, her testimony contains nothing inherently improbable) appellant failed to yield to Mrs. Jenkins the right of way to which the latter was entitled under section 131 by virtue of having first entered the intersection at a lawful rate of speed; and he was also traveling on his left side of the highway when he entered the intersection. While Mrs. Jenkins testified that she did not see appellant before she entered the intersection, it was testified that she looked in both directions as she approached; and we cannot say under all the circumstances shown that her failure to observe appellant constituted contributory negligence as a matter of law. In *Oberholzer* v. *Hubbell*, 36 Cal. App. 16 [171 Pac. 436], an automobile approaching an intersection turned obliquely from the right to the left-hand side of the highway, and a collision with another vehicle within the intersection followed. It was held that the question whether the driver of the latter vehicle was guilty of contributory negligence in failing to look to see if any vehicle was approaching on that side of the street was one of fact for the jury; and the same rule should apply in the case at bar. (See,

also, *Swartz* v. *Feddershon,* 92 Cal. App. 285 [268 Pac. 430].)

We are satisfied that the verdicts are fairly supported, and the judgments entered thereon are accordingly affirmed.