[Civ. No. 17522.   Second Dist., Div. Two.   Nov. 14, 1950.]

BESSIE ALLIN et al., Appellants, v. JACK G. SNAVELY, Respondent.

Elbert E. Hensley for Appellants.

Eugene S. Ives for Respondent.

MOORE, P. J.—Plaintiffs appeal from a judgment denying recovery for damages resulting from an intersectional collision between an automobile driven by respondent and that operated by Bessie Allin, herein referred to as appellant. Attack is made on the finding that appellant was contributorily negligent and that her negligence proximately contributed to the accident.

The collision occurred at the intersection of Avenue 40 and K Street east of the town of Lancaster. Both highways were 60 feet in width. Appellant was proceeding south on Avenue 40 while respondent was going west on K Street. The two cars collided at a point near the center of the intersection about two feet west of the center line of Avenue 40 and about two feet south of the center line of K Street. An instant before the impact, appellant swerved slightly south and west of the center and respondent swerved in the same direction. Thus at the instant of collision the cars were both headed in a direction west of south.

Contending that section 550 of the Vehicle Code provides that the driver of an automobile approaching an intersection must yield the right of way to a vehicle which has entered it from a different highway and that when two cars enter an intersection at the same time the driver on the left shall yield the right of way to the automobile to his right, appellant asserts that the evidence does not support the finding. She argues that she was to the right of respondent as he approached Avenue 40; that she had already entered K Street when respondent was still 150 feet away; that all the evidence shows that her car was completely within K Street and on the westerly portion of Avenue 40 at the moment of impact. She bases such contention upon respondent's admission that he swerved his automobile to the left just prior to the collision and that the physical evidence of the damage to the entire left side of her car was the result of respondent's machine striking hers from the rear and rolling along the side and over the left front fender of her vehicle. She submits that only an object moving from the rear to the front could produce such a result and that thus it is self-evident that her vehicle had traversed more than one half of the intersection before the two cars came together. She contends also that there is no evidence of her having entered the intersection in any respect in an unlawful manner.

However, from the evidence adopted by the court below, appellant's car was 100 feet north of K Street when respondent's vehicle was only 50 feet east of Avenue 40. Respondent's car was in plain view of appellant while he was 500 feet east of Avenue 40 and when according to her testimony he was driving at a speed of 40 or 45 miles per hour. Respondent and his companion testified that they were within Avenue 40 before appellant arrived at the intersection and that appellant's front fender first struck the side of respondent's car as he was attempting to swerve southward. There is no contradiction of the fact that the northeast corner of the intersection was flat and that visibility was good. Both drivers admitted having seen each other before either entered the intersection. Respondent testified that appellant did not change her speed from the moment at which he first observed her when he was 50 feet east of the intersection, and his witnesses testified that appellant's automobile was travelling at about 50 miles per hour as she approached K Street.

In view of the conflict in the evidence, the authorities relied upon by appellant (*Folger* v. *Richfield Oil Corp.*, 80 Cal.App.

2d 655 [182 P.2d 337]; *LeBlanc* v. *Coverdale,* 213 Cal. 654, 657 [3 P.2d 312]; *Shamlian* v. *Minardi,* 123 Cal.App. 495, 497 [11 P.2d 402]; *Kroijer* v. *Jenkins,* 119 Cal.App. 175, 179 [6 P.2d 96]; *Wynne* v. *Wright,* 105 Cal.App. 17, 21 [286 P. 1057]) are not applicable since it was not established that appellant had the right of way. Appellant was herself negligent in maintaining the speed indicated by respondent's proof since she entered the intersection with respondent in plain view. █ A driver by insisting upon his lawful right of way may violate the basic law as provided by section 510 of the Vehicle Code. When he does so, he is guilty of negligence and is liable for injuries caused thereby. (*Stevenson* v. *Fleming,* 47 Cal.App.2d 225, 230 [117 P.2d 717].) █ Under traffic conditions prevailing upon the highways of California ordinary care frequently requires the operator of an automobile who has the right of way to yield in order to avoid disastrous consequences although he may have entered an intersection first and therefore legally be entitled to the right of way. It may be negligence as a matter of fact for him to proceed into the path of a fast moving car. (*Almanerz* v. *San Diego Electric Railway Co.,* 15 Cal.App.2d 423, 425 [59 P.2d 513].)

█ Appellant contends that assuming she was negligent she is still entitled to recover because at the time respondent was grossly negligent, citing *Cooper* v. *Kellogg,* 2 Cal.2d 504 [42 P.2d 59]; *Krause* v. *Rarity,* 210 Cal. 644 [293 P. 62, 77 A.L.R. 1327]; *Kastel* v. *Stieber,* 215 Cal. 34 [8 P.2d 474]; *Malone* v. *Clemow,* 111 Cal.App. 13 [295 P. 70]; *Harrington* v. *Los Angeles Railroad Co.,* 140 Cal. 514 [74 P. 15, 98 Am. St.Rep. 85, 63 L.R.A. 238]. These authorities do not support her contentions. With the exception of the Harrington case all those decisions deal with the guest law wherein the doctrine of gross negligence was involved as formerly provided by section 403 of the Vehicle Code. The Harrington decision deals with the doctrine of last clear chance. The doctrine that gross negligence bars the defense of contributory negligence seems not to be recognized. Under appellate decisions, contributory negligence is still a defense to a plaintiff's claim of gross negligence. (*Tucker* v. *United Railroads,* 171 Cal. 702, 704 [154 P. 835]; *Bickford* v. *Pacific Electric Railway Co.,* 120 Cal.App. 542, 550 [8 P.2d 186]; *Taylor* v. *Volfi,* 86 Cal.App. 244, 247 [260 P. 927].) █ If appellant's argument be construed to mean that respondent was guilty of wilful misconduct as distinguished from gross negligence then her contention is

answered by the fact that she did not plead wilfulness or wantonness on the part of respondent which are not presumed. (*Kauffman* v. *Machin Shirt Co.*, 167 Cal. 506, 508 [140 P. 15] ; *Esrey* v. *Southern Pacific Co.*, 88 Cal. 399, 406 [26 P. 211] ; 19 Cal.Jur. § 101, p. 676.)

Furthermore, the evidence does not indicate that respondent was more negligent than appellant. Although he admitted that the sun was in his eyes and that there was a warning sign on K Street some 500 feet east of Avenue 40, yet he testified that his automobile was much nearer to the intersection than was the car of appellant when she was 100 feet north of K Street, and that he therefore thought he could clear the crossing before she arrived. Such conduct is not a reckless disregard for the safety of others.

■ Appellant next contends that contributory negligence is no bar to her recovery as respondent had the last clear chance to avoid the accident; that she was in a position of peril from which she could not extricate herself, and that the respondent knew of the peril but failed to stop or slow down although he was over 70 feet away when he realized the danger. She argues as though the court had adopted her evidence which is not the fact. Appellant had as good opportunity to avoid the accident as did respondent. Both cars approached the intersection within view of each other; each driver knew the other was approaching. The court rejected the same contention in an action wherein a similar collision occurred with the declaration that where the act which creates the peril occurs at practically the same time as that of the accident, it cannot be fairly said that either party had a last clear chance thereafter to avoid the consequences. (*Poncino* v. *Reid-Murdock & Co.*, 136 Cal.App. 223, 232 [28 P.2d 932].)

■ The facts under review do not warrant an application of the doctrine of the last clear chance. While she was in a situation of danger due to her own negligence, she could have escaped by the exercise of ordinary care. Respondent did not realize her inability to escape. Because he had a possible chance to avoid the peril which was created in a flash before the collision by appellant's own negligence does not mean that he had a clear chance or a last chance to save her from injury. He had no chance. ■ To invoke such doctrine under circumstances like those here involved would be to aid a negligent plaintiff to recover despite his contributory negligence.

■ The denial of appellant's motion for new trial based upon newly discovered evidence was in no respect erroneous.

Appellant had produced affidavits showing the discovery of a witness to the accident of whose existence she deposed that she had not been aware until after the trial was over. There are two answers to this assignment. The alleged new evidence was either contradictory of some witnesses or cumulative as to others. In such event it did not justify the granting of a new trial. (*Rath* v. *Bankston*, 101 Cal.App. 274, 288 [281 P. 1081]; *Proctor* v. *Smith*, 214 Cal. 227, 234 [4 P.2d 773].)

As to the diligence of appellant the trial was not held until four years after the accident occurred. The information about the new witness was not obtained from a party residing in a remote area, but from appellant's own daughter, in appellant's home. On no basis can it be said that these facts prove diligence.

The judgment is affirmed. The appeal from the order denying a new trial, being unappealable, is dismissed.

McComb, J., and Wilson, J., concurred.