[Civ. No. 20994. Second Dist., Div. One. Dec. 6, 1955.]

FLORENCE I. WILSON et al., Appellants, v. KNUDSEN CREAMERY COMPANY OF CALIFORNIA (a Corporation) et al., Respondents.

Harry G. McMahon and Dave Bach, Jr., for Appellants.

Veatch & Thomas and Henry F. Walker for Respondents.

NOURSE (Paul), J. pro tem.*—This is an action for wrongful death. The plaintiffs, the wife and children of the deceased, appeal from a verdict and judgment in favor of the defendants.

The appellants make but one assignment of error, to wit: That the trial court erred in refusing appellants' request to instruct the jury on the doctrine of last clear chance. We have concluded that the action of the trial court in refusing the requested instruction was proper.

Appellants, in their opening brief, in order to establish a factual basis for their claim of error, have somewhat tortured the evidence.

 The evidence, viewed in the light most favorable to the appellants, establishes the following facts and circumstances:

The accident occurred at the intersection of State Highway 138 and 121st Street, near Pear Blossom on the Mojave Desert. Highway 138, which runs generally west and east, is a two-lane paved highway 23 feet in width plus 5-foot gravel shoulders. For some distance before it intersects 121st Street from the right, it is on a descending downgrade. One hundred and twenty-first Street is a sand and gravel road 20 feet in width, running north and south, intersecting Highway 138 from the south and dead ending there. Along the west side of 121st Street, and for some distance south of the intersection, there is a row of small trees, the most northerly of these trees being approximately 25 feet from the southerly line of Highway 138. This row of trees only partially obscures the view of traffic northbound on 121st Street, as an automobile so travelling could be seen as it passed the gaps between the trees. The defendants' truck and semitrailer were travelling east on Highway 138, and the decedent, Wilson, north on 121st Street. Wilson was travelling at a speed of 15 to 20 miles an hour, according to the testimony of the driver of defendants' equipment, the defendant Vershaw, who was the only eye-witness of the accident, and did not change his speed from the time he was first seen by Vershaw until the time of impact. Defendants' equipment was travelling at a speed of 45 to 50 miles an hour up to the time of the application of its brakes. When the defendant Vershaw was approximately one-quarter of a mile west of the intersection he saw an object just north of the southerly end of the row of trees. He could not then

---

*Assigned by Chairman of Judicial Council.

recognize it as the Ford automobile with which he was later involved. He could not and did not see the driver until the Ford emerged from the row of trees and at that time, he, Vershaw, saw that Wilson was looking straight ahead. When Wilson entered the intersection, Vershaw applied his brakes and attempted to swerve to his left. The impact between the cars occurred 11 feet north of the south edge of the paving on Highway 138, and 14 feet west of the westerly boundary of 121st Street, it thus being apparent that as Wilson entered the intersection he turned to the left. Defendants' truck left skid marks of 142 feet west of the point of impact and of 138 feet east of the point of impact to the point where it jackknifed and stopped at the northerly edge of Highway 138. Wilson's Model "T" Ford was demolished and came to rest 127 feet east of the point of impact. Wilson was decapitated.

These facts do not establish a basis for the application of the doctrine of last clear chance, and it would have been error to instruct the jury upon that doctrine.

In order for an instruction stating that doctrine to be proper there must be substantial evidence to show, " '(1) That plaintiff has been negligent and, as a result thereof, is in a position of danger from which he cannot escape by the exercise of ordinary care; and this includes not only where it is physically impossible for him to escape, but also in cases where he is totally unaware of his danger and for that reason unable to escape; (2) that defendant has knowledge that the plaintiff is in such a situation, and knowns, or in the exercise of ordinary care should know, that plaintiff cannot escape from such situation; and (3) has the last clear chance to avoid the accident by exercising ordinary care, and fails to exercise the same, and the accident results thereby, and plaintiff is injured as the proximate result of such failure.' " (*Daniels* v. *City & County of San Francisco*, 40 Cal.2d 614, 619 [255 P.2d 785].)

The evidence here fails to establish the third element above mentioned. Until Wilson entered the intersection or got so close thereto that he could not, in the exercise of reasonable care, have stopped and avoided the accident, he was not in a position of danger. It is clear, under the facts here, that when he did reach such a position the defendant driver did not have a clear chance, or any chance to avoid the accident, and it is further clear that the defendant driver, from the time Wilson reached a position of danger, did everything reasonably possible to avoid the accident.

Appellants rely upon *Daniels* v. *City & County of San Francisco, supra,* and *Sills* v. *Los Angeles Transit Lines,* 40 Cal.2d 630 [255 P.2d 795]. These cases are clearly distinguishable from the one at bar upon their facts. In each of them the plaintiff's car had come to a stop in the path of the defendant's vehicle, and after it so came to a stop the defendant had a clear opportunity to avoid the accident by the exercise of reasonable care. The case at bar, on the other hand, is analogous to and governed by the decisions in *Rodabaugh* v. *Tekus,* 39 Cal.2d 294 [246 P.2d 663]; *Poncino* v. *Reid-Murdock & Co.,* 136 Cal.App. 223, 232 [28 P.2d 932]; *Johnson* v. *Sacramento Northern Ry.,* 54 Cal.App.2d 528, 532 [129 P.2d 503]; *Dalley* v. *Williams,* 73 Cal.App.2d 427, 436 [166 P.2d 595]; *Folger* v. *Richfield Oil Corp.,* 80 Cal.App.2d 655, 660 [182 P.2d 337]; *Berton* v. *Cochran,* 81 Cal.App.2d 776, 781 [185 P.2d 349]; *Allin* v. *Snavely,* 100 Cal.App.2d 411, 415 [224 P.2d 113].

The judgment is affirmed.

White, P. J., and Doran, J., concurred.